SNEED'S HEIRS
*vs*
WARING.

---

CHANCERY.

*Case* 2.

## Sneed's Heirs *vs* Waring.

ERROR TO THE FRANKLIN CIRCUIT.

*Femes Covert. Parties in Chancery. Surety. Replevy Bonds.*

*Nov.* 13, 1834.

The case stated.

JUDGE UNDERWOOD delivered the Opinion of the Court.

LUKE MUNSELL, administrator of Achilles Sneed, de- ceased, replevied two judgments obtained by the admin- istrators of H. Davis, with Jacob Swigert as surety. The personal estate of Sneed proving deficient, part of his heirs conveyed to Munsell and Swigert their interest in a tract of land descended to them from their ancestor, Sneed, with a view to secure Munsell and Swigert. On the 21st of February, 1829, executions issued on the replevin bonds, and were levied on the land conveyed, as aforesaid, to Munsell and Swigert. No sale having been effected, for want of bidders, on the 1st of May, 1829, writs of *venditioni exponas* issued. These writs were endorsed on the day of sale, thus: "Either notes on the Bank of the Commonwealth of Kentucky or its branches, or the Bank of Kentucky or its branches, may be received by the Sheriff for the whole amount of this execution. J. U. WARING,

*by* CHAS. BUCK, *Atto. in fact.*"

It seems that Waring was entitled to the benefit of both executions, and that he had authorized Buck to act in his behalf. The land was sold by the Sheriff on the 18th of May, 1829, when Waring became the purchaser at $800, in Bank notes of the kind endorsed to be taken.

The land levied on was valued at $5 50 per acre, on the 20th April, 1825, and the object in endorsing the writs of *venditioni exponas*, was to effect a sale of the land, so that it would not be liable to redemption, under the provisions of the 30th section of the act of February, 1828, amending and reducing into one the execution laws.

The Sheriff conveyed the land sold to Waring; Swigert joined in the deed and conveyed all his interest to Waring.

Under the title which Waring thus derived, he filed a bill in Chancery, with a view to quiet his title and to compel John Green, &c. to release such claims as they had to the land.

The heirs of Sneed, who were made defendants, filed their answer in the nature of a cross bill against Waring. They deny the validity of his title derived under the Sheriff's deed, and say that if he has any title it results from the conveyance made by Swigert. They alledge several grounds on which they impeach the title set up by Waring, and pray that he may be compelled to relinquish his claim.

Waring objects to the matter of the cross bill as foreign and irrelevant, and then proceeds to answer at length. He sets up a claim to one-fifth of the land, under a bond executed by Munsell, as attorney in fact for Sneed's heirs, and prays that his title may be perfected to this fifth, the other four-fifths having been conveyed to Munsell and Swigert, and given up by them to satisfy the executions.

In answer to Waring's claim for the fifth of the land under the bond, the heirs of Sneed say, that it should not be decreed to him, because that fifth was the share of Mrs. Southgate, an infant, and her infancy is relied on as a defence.

SNEED'S HEIRS
*vs*
WARING.

Decree of the Circuit Court.

The Circuit Court rendered a decree dismissing the bill of Waring, with costs, and dismissing the cross bill of Sneed's heirs, without costs. To reverse this decree the heirs of Sneed prosecute a writ of error.

We are of opinion that the cross bill of Sneed's heirs was properly dismissed. Waring's answer to that bill may be regarded as a demurrer to it. We think the cross bill defective in various respects.

A sale of the interest of one or more of several joint tenants does not affect the interests of other joint tenants— they become tenants in common with the purchaser, and their bill for partition may be proper.

As Julia Southgate did not convey her interest to Munsell and Swigert, the levy of the executions, and Sheriff's sale and conveyance could not prejudice her rights. It was improper, therefore, to make her a party complainant with those heirs who had parted with their title. She is tenant in common with Waring or Munsell and Swigert. As against them, the only right she has is that of partition. This right remains unaffected by the proceedings which have taken place, and whenever she chooses to assert it in a proper manner, adequate redress can be afforded her.

It is improper in a bill to confirm a Sheriff's sale of the interest of such persons as held an interest subject to sale, to claim a relinquishment of the title of one whose interest was not subject to sale.

As to the complaint made in argument, that the Court erroneously failed to rescind the contract made between Munsell, as attorney in fact for Sneed's heirs, and Waring, thereby confirming the sale of Mrs. Southgate's share, made when she was an infant, we deem it only necessary to say, that we find no such confirmation. Waring prayed for it, but the Court refused to grant his prayer by dismissing his bill. This contract, made by Munsell in behalf of Mrs. Southgate, has no connection whatever with the principal subject in controversy, to-wit: the propriety of allowing the Sheriff's sale to stand. It was an improper attempt to join distinct causes of action; for as already stated, Mrs. Southgate had nothing to do with the Sheriff's sale, and cannot be affected by it.

The foregoing remarks equally apply to Eliza Munsell, if it be true as is contended, that her title as an heir of Sneed, did not pass by the deed to Munsell and Swigert. Conceding that to be the fact, she cannot be prejudiced by the Sheriff's sale; and unless the levy and sale operated upon such estate as her husband, Munsell, may have acquired by the marriage, it has had no effect at all upon the interest or share owned by Mrs. Munsell.

Conceding that Mrs. Blanton, Mrs. Young, and Mrs. Martin, have passed their title to Munsell and Swigert, it is not legal for these ladies, in an attempt to reclaim their title, to unite as co-complainants with those who have never parted with theirs. Nor do they show themselves entitled to any relief without a tender of the money which Waring bid for the land, or without proffering to submit to a re-sale, neither of which is done in the cross bill. The prayer of the cross bill is, that Waring be compelled to release to the defendants; to give them possession and account for rents and profits, and that the Sheriff's sale may be set aside. Now it would not be proper in any event, to do more than set aside the sale, and in that event the title would remain where it was before; and in order to produce such a result, Munsell and Swigert were the only parties who ought to have sued as complainants, unless they fraudulently refused to sue, and then such of the heirs as were liable to injury from their conduct, might proceed against them and Waring as defendants, for redress. Swigert is no party to this suit, and he has united with the Sheriff in conveying to Waring. Whatever title vested in Swigert by the deed from part of Sneed's heirs, has passed to Waring, who cannot be divested of it unless Swigert was made a party; and so far as Munsell had title under the deed, he has shown a willingness to reclaim it, and hence there was no need of joining any of the heirs of Sneed with him. No fraud is charged against Munsell or Swigert.

In every view which we have taken of the cross bill, it is too defective to warrant a decree in favor the complain-ants in it, and presents, as we conceive, no bar to future proceedings in a case properly presenting the same matter; and hence it was correct to dismiss it.

Wherefore, the decree is affirmed.

*Morehead & Brown* for plaintiffs; *Waring and Johnson* for defendant.

**SNEED'S HEIRS**
*vs*
**WARING.**

It is not competent for *femes covert* to unite in a bill with those who were joint tenants with them, to recover their inheritable interest in lands in which their husband's interest may have been sold.

A surety in replevy bond receives a conveyance of land as an indemnity, and permits the land to be sold to satisfy the debt. The grantor has no right against the purchaser to ask a re-conveyance without a tender of the money due, or an offer to submit to a re-sale, and then the grantee should be made party.