SARAH ANN MIDGLEY AND WILLIAM D. MIDGLEY v. JULIA C. WALKER.

*Joint tenancy—Execution.*

The individual interest of one of two joint tenants is subject to levy and sale upon execution against such tenant.

Appeal from Wayne. (Lillibridge, J.) Submitted on briefs June 8, 1894. Decided September 25, 1894.

Bill to remove cloud from title. Complainants appeal. Decree affirmed. The facts are stated in the opinion.

*Charles S. Chase,* for complainants.

*J. P. Whittemore,* for defendant.

McGRATH, C. J. This is a bill filed to remove a cloud from the title of a parcel of land which was deeded to the complainants, "and the survivor of either of them." Defendant is a purchaser at an execution sale upon a judgment against William D. Midgley, and the sole question is whether the individual interest of one of two or more joint tenants is subject to levy and sale upon execution running against such tenant.

Our statute (How. Stat. § 5560) provides that—

" All grants and devises of lands made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."

The right of survivorship is, however, expressly granted in the deed to complainants.

There can be no doubt but that the joint estate may be severed by the act of the parties, by a conveyance by either party, by partition under How. Stat. § 7850, or by a levy and sale upon an execution against one of the parties. Either tenant may convey his share to a cotenant or to a stranger. 1 Washb. Real Prop. (5th ed.) 680; 4 Kent, Comm. 363. Each has the power of alienation over his aliquot share, and of charging it with his individual debts, and the joint tenants may sever the tenancy voluntarily by deed, or compel a partition. 4 Kent, Comm. 364; *Lake v. Craddock,* 1 Lead. Cas. Eq. (Hare & W. notes) 224. Whether more than the joint estate could be disposed of upon partition it is not necessary to determine. See *Southerland v. Cox,* 3 Dev. 394. The interest of either is subject to levy and sale on execution. *Thompson v. Mawhinney,* 17 Ala. 363; *Galusha v. Sinclear,* 3 Vt. 394; *Bigelow v. Topliff,* 25 Id. 273; *Baker v. Shepherd,* 37 Ga. 12; *Blevins v. Baker,* 11 Ired. 291. A sale, however, of the interest of one of several, does not affect the interest of the others. *Carlyle v. Patterson,* 3 Bibb, 93; *People v. Marshall,* 8 Cal. 51; *White v. Brooks,* 43 N. H. 402; *Sneed v. Waring,* 2 B. Mon. 522. There can be neither dower nor curtesy of an estate held in joint tenancy, and a devise by one joint tenant of his share will be inoperative, inasmuch as the right of survivorship takes precedence. 1 Washb. Real Prop. (5th ed.) 681, 682. The same author lays down the rule that no charge, like a rent or a right of way or a judgment, created by one

cotenant can bind the estate in the hands of the survivor, unless the charge be created by the one who becomes such survivor, or the creator of the charge releases his estate to a cotenant, who, as releasee, accepts, with that part of the estate, the charge inhering therein by his own act. But the charges made by a joint tenant and judgments against him will bind his assignee and himself as survivor. 4 Kent, Comm. 360.

The rules which govern holdings by husband and wife jointly have no application. They do not take by moieties, but they are both seised of the entirety. *In re Appeal of Lewis*, 85 Mich. 340.

The decree dismissing the bill is affirmed, with costs to defendant.

The other Justices concurred.