### FINCH *v.* HAYNES.

DEEDS—CONSTRUCTION—ESTATE CONVEYED.

A deed which conveys land to two grantees, "and the survivor of them, and to their heirs and assigns forever," conveys a moiety to each for life, with remainder to the survivor in fee, and neither of them, by conveyance during his lifetime, can create a tenancy in common, so as to cut off the contingent remainder.

Appeal from Monroe; Lockwood, J. Submitted February 28, 1906. (Docket No. 207.) Decided June 4, 1906.

Bill by Cora Finch against John B. Haynes to set aside a deed to quiet title to land, and for an accounting. From a decree for complainant, defendant appeals. Affirmed.

*Willis Baldwin* and *John J. Kiley*, for complainant.

*Clark, Jones & Bryant*, for defendant.

MCALVAY, J. Complainant and Nellie Haynes, her sister, on July 6, 1899, acquired title to lot 62 in the village of Dundee, in Monroe county, from Joseph S. Dickerson and wife, the material provisions of which were as follows:

" This indenture, made the 6th day of July in the year of our Lord one thousand eight hundred and ninety-nine, between Joseph S. Dickerson and Ella T. Dickerson, his wife, both of the village of Dundee, county of Monroe, and State of Michigan, of the first part, and Nellie Haynes, of the same place, and Cora Finch, of the city of Lansing, Ingham county, and State of Michigan, and the survivor of them, of the second part,

" *Witnesseth*, That the said party of the first part, for and in consideration of the sum of one dollar, love, and affection and other considerations to them in hand paid by the said parties of the second part, the receipt whereof is hereby confessed and acknowledged, do by these presents, grant, bargain, sell, remise, release, and forever quitclaim unto said parties of the second part and the survivor of them, and to their heirs and assigns, forever, all that certain piece or parcel of land, situated in the village of Dundee in Monroe county, and State of Michigan, known and described as follows:    *    *    *

" Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining. To have and to hold the said premises as above described to the parties of the second part and the survivor of them, and to their heirs and assigns, to the sole and only proper use, benefit, and behoof of the parties of the second part, and the survivor of them, and their heirs and assigns, forever."

On April 9, 1904, Nellie Haynes quitclaimed to defendant, her husband, all her right, title, and interest in said premises, described as an undivided one-half. She died May 16, 1905. During her lifetime defendant acted as agent of these two sisters in renting this property and collecting the rents for them. After the death of his wife, defendant placed his quitclaim deed on record, May 22, 1905, and thereafter claimed to be a tenant in common with complainant in said premises, owning an undivided one-half thereof, and entitled to one-half of the rents.

Complainant filed her bill in the circuit court for Monroe county, in chancery, setting forth the above facts, claiming as survivor to be sole and absolute owner in fee

of said premises, and praying that she be decreed to be such owner, that the cloud of said deed upon her title be removed; and for an accounting·with defendant for rents received by him. Defendant demurred to this bill of complaint for the following reasons: That by conveyance to complainant and Nellie Haynes, the latter received title to an undivided one-half of the premises and a lawful right to convey the same; that by the deed to him he took title to such undivided one-half interest, and was entitled to possession and rents and profits thereof. The demurrer was overruled and defendant's counsel having stated upon the argument that in such case they did not desire to answer the bill of complaint, a decree was entered for complainant granting the relief prayed.

Defendant asks this court to reverse this decree for the reasons set forth in the demurrer. The case must be determined upon the construction of the deed from Dickerson and wife to complainant and her sister. The intent of the grantor, as clearly expressed in the deed, was to convey a moiety to each of these parties for life, with remainder to the survivor in fee. This is expressed in the premises, in the granting· clause, and in the habendum. By a conveyance of her interest, could either of the grantees in this deed create a tenancy in common, so as to cut off the contingent remainder? The case of *Midgley* v. *Walker*, 101 Mich. 583, is urged as authority that this might be done. That was a case where the interest of one of two joint tenants under a deed, where the right of survivorship was expressly granted, was purchased under an execution sale upon judgment against him, and this court held that such interest was subject to levy and sale. The decision goes no further than that. No greater estate can be alienated, either by the act of a party or by operation of law, than such party has in the real estate. In *Midgley* v. *Walker*, supra, this court quotes with approval 1 Washburn on Real Property (6th Ed.), § 862:

"No charge, therefore, like a rent, or a right of way, or a judgment, created by one co-tenant, can bind the estate in

the hands of the survivor, unless the charge be created by the one who becomes such survivor, or the creator of the charge releases his estate to a co-tenant, who, as releasee, accepts, with that part of the estate, the charge inhering therein by his own act."

In the case at bar neither grantee could convey her interest in the estate so as to cut off the remainder. The deed which we are construing conveys to the grantees, "to them and the survivor of them, and to their heirs and assigns forever." The use of the words "their heirs" does not obscure the plain intent of the grantor. The fact that the plural is often used where the singular was intended is recognized. If the deed under consideration had as defendant contends made the grantees therein named joint tenants of the fee, either of those grantees could, by conveyance in her lifetime, have deprived the other of the right of survivorship. 1 Washburn on Real Property (6th Ed.), § 864; 17 Am. & Eng. Enc. Law (2d Ed.), p. 650. But that deed did not make the grantees joint tenants of the fee.

"Deeds and devises are often made to two or more, and to the survivor of them and his heirs, the effect of which is to make them joint tenants for life with a contingent remainder in fee to the one who survives." 1 Washburn on Real Property (6th Ed.), § 866.

In such cases—and this is such a case—it is settled (see *Schulz* v. *Brohl*, 116 Mich. 603; *Ewing's Heirs* v. *Savary*, 3 Bibb [Ky.], 235) that no joint tenant can, by his conveyance or otherwise, affect the right of survivorship.

The decree of the circuit court is affirmed, with costs.

CARPENTER, C. J., and BLAIR, OSTRANDER, and MOORE, JJ., concurred.