JESSIE SMITH, EXECUTRIX OF THE ESTATE OF LOUIS SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JESSIE SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18876, 22313. Promulgated November 13, 1931.

*Samuel V. Jenkins, Esq.,* for the petitioner.
*W. F. Wattles, Esq.,* for the respondent.

OPINION.

TRAMMELL: The first question to be decided is whether we have jurisdiction of this proceeding. The Commissioner sent the notice of deficiency to Jessie Smith as executrix of her husband's estate. At the time of the sending of the notice she had been discharged as executrix and the estate completely wound up. However, in this respect section 281 (b) of the Revenue Act of 1926 provides as follows:

Upon notice to the Commissioner that any person acting in a fiduciary capacity for a person subject to the liability specified in section 280, the fiduciary shall assume on behalf of such person the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person) until notice is given that the fiduciary capacity has terminated.

There is no evidence in this case that Jessie Smith as executrix notified the Commissioner that she had been discharged as such prior to the sending of the notice of deficiency. We think, therefore, that under the above quoted section the notice of deficiency mailed to Jessie Smith as executrix is sufficient to give us jurisdiction. Any liability, however, for taxes against the estate of the decedent must be collected from that estate, or as a transferee under section 280, which includes the liability under section 3467 of the Revised Statutes. It

appears that the estate of the decedent has been distributed and settled and the executrix discharged.

The former executrix in her individual capacity is before the Board in the transferee case, and while the Commissioner does not appear to have asserted liability against the former fiduciary under section 3467 as provided in section 280 (a) (2) of the Revenue Act of 1926, we think that this is not important. She is properly before us on a notice of deficiency which asserts her liability under section 280.

The petitioner takes the position that she is not liable as transferee and does not have any other liability under section 280 of the Revenue Act of 1926. She contends that she is not liable as transferee because everything she received, other than the personal property, which she paid out, aside from the wrecked automobile, consisted of real estate held by her at the time of decedent's death as a tenant by the entirety and that a tenant by the entirety is not a transferee of assets.

Was she liable under sections 3466 and 3467 of the Revised Statutes upon the ground that she paid out funds in satisfaction of creditors' claims before satisfying a prior claim of the Government for taxes? If the petitioner, as executrix of her deceased husband's estate, paid out money in satisfaction of debts without fully satisfying the claims of the Government for tax which had priority over such debts, she is liable under section 3467 of the Revised Statutes as provided in section 280 (a) (2) of the Revenue Act of 1926.

In order, however, to impose a personal liability upon the petitioner, it must appear that the assets which she received from the estate were paid out by her in satisfying the debts of the estate over which the tax liability to the Government had priority. If all the assets which she received from the estate of her deceased husband were paid out by her in satisfying obligations which had priority over the claim of the Government for taxes, then she would not be liable personally for any amount on account of taxes. Sections 3466 and 3467 of the Revised Statutes are as follows:

SEC. 3466. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

SEC. 3467. Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such per-

sons or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The priority given Federal taxes does not extend to debts due or created in preserving or collecting the assets, nor to administration expenses. *In re Wyley*, 292 Fed. 900; *State* v. *Lovell*, 179 Fed. 321; certiorari denied and cited with approval in *Richmond* v. *Bird*, 249 U. S. 174.

The priority of Federal taxes given by statute, section 3466, R. S. (see *Price* v. *United States*, 269 U. S. 492) in any event, is over debts, not payments required by law to be made to a widow as her statutory allowance out of the estate of her deceased husband. Such statutory allowance is not a debt and the payment thereof therefore is not a payment of a debt. Under the Illinois law this takes priority over all debts except funeral expenses. See par. 75, ch. 3, Callaghan's Illinois Statutes Annotated, vol. 1, p. 410. The priority of the United States on account of taxes extends to any assets or funds available for the payment of debts. *United States* v. *Johnston*, 5 Fed. (2d) 951. The widow's allowance not being available for the payment of debts, we do not think the Government's claim for taxes has priority over it. The widow's allowance and the expenses of preserving and defending the estate together exceed the entire amount received by the executrix from the estate. The real estate, title to which was held as tenants by the entirety, was not a part of the assets of the decedent for the purposes of administration of the estate. In any event, she did not receive it as executrix and did not hold it in her fiduciary capacity.

Section 3467, which creates a personal liability upon the executrix if she pays any debts before paying the prior claim of the Government for taxes, relates to the payment of debts out of funds or assets coming into her hands as executrix. The funds in her hands as executrix, after the payment of only a portion of the widow's allowance and the expenses of protecting the estate, amounted to nothing. We do not think, therefore, that she is liable in her own person for the Government taxes under section 3467 of the Revised Statutes.

If the real estate held by the petitioner as a tenant by the entirety should be held to be received from the decedent burdened with the tax liability of the decedent, then the petitioner would be liable as a transferee, even though not liable under section 3467 of the Revised Statutes. This property was sold by the petitioner for $10,000 and it does not appear that this entire amount has been paid out in satisfying claims not having priority over the Government's claim for taxes.

However, if this property held as tenants by the entirety is held to be property transferred from the decedent to the petitioner, then she would be liable as transferee, provided only that the property was subject to the decedent's debts. Even if this property were received from the decedent, but was not subject to his debts, then it could not be held that the petitioner was a transferee thereof.

We think that the correct rule is that while property so held is subject to the debts of either spouse, the survivor takes the property unencumbered by debts of the deceased. The right of survivorship takes precedence over claims against decedent. At common law an estate by the entirety is during coverture subject to sale on execution against the husband, but such a sale can not affect or deny the seisin or use of the wife in the estate, and if she survives her husband the whole estate goes to her. In Illinois the rule seems to be established by the Supreme Court of that State that the estate of the wife in property held as tenants by the entirety is protected from the husband's sole creditors. See *Orthwein* v. *Thomas*, 13 N. E. 564. This is a rule established by many other States. *Davis* v. *Clark* (Ind.), 89 Am. Dec. 471, and other decisions of that State; *Shinn* v. *Shinn* (Kans.), 21 Pac. 813; *McCubbins* v. *Stanford* (Md.), 37 Atl. 214. This rule is followed also in Michigan, Kentucky, Tennessee and Vermont. Thompson on Real Estate, vol. 2, p. 961, states the rule as follows:

The purchaser upon execution of the husband's interest (in real estate held as tenants by the entirety) acquires only a right to use his interest during his lifetime, in case his wife survives him, for the entire estate then goes to her.

The same authority, on the same page, states:

Such an estate is the real estate of a married woman, although her husband is joined with her in the title. It is the real estate of each. If the claim of the plaintiff is upheld, then the interest of the husband in his wife's right to her real estate is taken upon the sole debt of the husband. This would annul the statute. The estate of the wife, and her husband's interest therein in her right in the property in question, is protected from the husband's sole creditors by the spirit and letter of the statute.

The Supreme Court of Michigan, in regard to estates by entirety, after citing *Washburn Real Property*, 5th ed., states:

The same author lays down the rule that no charge like a rent or a right of way or a judgment created by one co-tenant, can bind the estate in the hands of the survivor, unless the charge be created by the one who becomes such survivor, or the creator of the charge releases his estate to a co-tenant, who, as releasee, accepts, with that part of the estate, the charge inhering therein by his own act. But the charges made by a joint tenant and judgment against him will bind his assignee and himself as survivor. *Midgley et al.* v. *Walker*, 101 Mich. 583; 60 N. W. 296. To the same effect see C. J. 33, page 903.

The surviving tenant not being liable at law or in equity for unpaid obligations of the cotenant, is not a transferee within the meaning of section 280 of the Revenue Act of 1926.

We might reach the same conclusion based upon the nature of the interest of the tenancy of such an estate. The rights of the survivor became enlarged, but the question is, Does such survivor actually receive any property? In view of our decision reached above, we do not think it necessary to pass upon this question, as in any event we do not consider that the survivor is liable for any debts, including taxes, which might have been owing by the deceased cotenant. This being true, the survivor is not a transferee of property of the decedent and liable as such. This is in accordance with the rulings made by the Commissioner in I. T. 1571, C. B. II-1, p. 133, where it is stated:

In the case of real estate owned by a husband and his wife as tenants by the entirety, upon the death of the husband the real estate passes to the wife by the right of survivorship and the liability for taxes of the deceased husband does not attach to such property, the wife being liable for the taxes only to the extent of any personal property received.

Having reached the foregoing conclusion, it becomes unnecessary for us to determine whether the decedent owed the taxes here involved.

*Judgment will be entered under Rule 50.*