## WILLIAMS v. DEAN.

1. ESTATES—ALIENATION.

   No greater estate can be alienated, either by the act of a party or by operation of law, than such party has in the real estate.

2. SAME—JOINT TENANTS WITH RIGHT OF SURVIVORSHIP—JUDGMENT CREDITORS.

   Relief in suit by judgment creditors of husband as to property which he and his future wife purchased prior to marriage under land contract running to them as joint tenants with right of survivorship was properly confined to the interest of the husband with allowance for homestead (Const 1908, art 14, § 2, as amended in 1953).

3. SAME—CONVEYANCE.

   The nature of the estate conveyed to grantees named in a conveyance must be determined under the terms thereof and in accordance with the facts at the time of the execution.

4. HUSBAND AND WIFE—ESTATES BY ENTIRETIES—CONVEYANCES.

   An estate by the entireties does not arise from a conveyance to a man and woman who are not in fact husband and wife at the time of the conveyance to them even though they are so described in the conveyance and were subsequently married.

5. FRAUDULENT CONVEYANCES—GIFTS—JUDGMENT CREDITORS.

   A conveyance of an insolvent man's interest in property to his intended wife from whom he had received it as a gift shortly before their marriage, constituted a conveyance in fraud of judgment creditors, for the interest, irrespective of its source, was subject to the claims of his creditors.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 16 Am Jur, Deeds § 231 et seq.
[2] 27 Am Jur, Husband and Wife § 635.
[4] 26 Am Jur, Husband and Wife § 68 et seq.
[5] 24 Am Jur, Fraudulent Conveyances § 20 et seq.
[7] 26 Am Jur, Homestead §§ 65, 66.

6. SAME—PRIORITY OF LEVY—RECORDING.
   The levy of writs of execution upon a husband's interest in property which he and his wife had purchased on land contract shortly before they were married but which he quitclaimed to her before marriage by a deed that was not recorded before the levy, had priority over such unrecorded deed that was fraudulent as to creditors anyway (CL 1948, § 623.83).

7. HOMESTEAD—EXEMPTIONS—FRAUDULENT CONVEYANCES.
   Defendants were afforded such homestead protection as they were entitled to where decree found plaintiffs entitled to have husband's interest sold subject to homestead exemption as fixed by Constitution (Const 1908, art 14, § 2, as amended in 1943).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 15, 1959. (Docket Nos. 59, 60, Calendar Nos. 47,998, 47,999.) Decided June 6, 1959.

Judgment creditor's bill by Alfred Williams and Flora Williams against Alexander M. Dean, with Mary M. Bennett, also known as Mary M. Dean, later added as party defendant, action continuing with bill in aid of execution to set aside conveyance of real property. Similar action by Thomas Williams and Carrie Williams. Cases consolidated on hearing and appeal. Decrees for plaintiffs. Defendants appeal. Affirmed.

*Albert M. Colman,* for plaintiffs.

*Riseman, Lemke & Piotrowski* (*Harry Riseman,* of counsel), for defendants.

CARR, J. These cases were heard together in circuit court and the appeals have been prosecuted and submitted in like manner. The material facts are not in dispute. On January 13, 1956, the defendants acquired an interest under an executory land contract in property located at 2350 Oakman Boulevard, Detroit. The purchase price was $32,500, and the

sum of $10,000 was paid down by Mrs. Bennett. The record discloses that the vendees, to whom the contract ran as joint tenants with the right of survivorship, were contemplating marriage and that such fact was the basic reason for acquiring the property interest in the manner stated. They were, in fact, married on February 19, 1956. Prior thereto, however, and under date of January 20th preceding, defendant Dean conveyed to Mrs. Bennett by quitclaim deed his interest in the property. It is undisputed that at that time Dean was insolvent.

In April, 1952, plaintiffs in the present cases had obtained judgments in the Wayne circuit court against Dean, the approximate amount of said judgments being $4,000. On December 7, 1955, writs of execution were issued on the judgments, and later return unsatisfied. In January, 1956, the present suits in equity were instituted by bills of complaint combining the features of a judgment creditor's bill with a bill in aid of execution. A receiver for any property interest that Dean might have was appointed by the court, and on April 5, 1956, writs of execution were again issued on the law judgments, being levied the following day on the property that defendants had purchased under land contract. Mrs. Dean was subsequently added as a party defendant, based on a showing that she had an interest as joint tenant in the property in question. In May, 1956, defendants undertook by separate action to restrain proceedings under the bills of complaint filed by plaintiffs, alleging in their pleading that they were both vendees in the land contract for the purchase of the property. The relief sought by them being denied, defendants subsequently filed a sworn answer to the plaintiffs' bills of complaint, alleging that Mrs. Dean was the sole owner of the property by virtue of the quitclaim deed executed to her by the other defendant on January 20, 1956. It fur-

ther appears that the conveyance in question was not recorded until July 30th of said year, after the levies on the property had been made.

Based on the proofs introduced on the hearing in circuit court the trial judge concluded that the interest of defendant Dean under the land contract was subject to the levy of the writs of execution and to sale pursuant to statute for the payment and satisfaction of the judgments, with interest and costs. It was further determined that the deed given by Dean to Mrs. Bennett in January of 1956 was without consideration, and void as against the plaintiffs and the receiver. The premises having been occupied by defendants as a homestead, the decrees entered directed that the sale under the writs of execution should be made subject to the homestead exemption, as provided by law. A motion for a rehearing was denied, and defendants have appealed from the decrees entered.

On behalf of appellants it is insisted that the interest of Dean in the property in question, being that of a joint tenant with right of survivorship, is not subject to levy and execution. Plaintiffs rely on *Midgley* v. *Walker,* 101 Mich 583 (45 Am St Rep 431), where suit was instituted to remove a cloud from the title to land which had been conveyed to the plaintiffs with right of survivorship. Defendant had purchased the interest of William D. Midgley at an execution sale to enforce a judgment against said plaintiff. The question presented was whether the "individual interest of 1 of 2 or more joint tenants is subject to levy and sale upon execution running against such tenant." It was held that the interest of either joint tenant was subject to levy and sale on execution. It was specifically recognized, however, that such sale of the interest of one joint tenant did not affect the interest of the other.

On behalf of appellants it is insisted that the decision in the above case was in effect overruled by *Schulz* v. *Brohl,* 116 Mich 603. That case involved the construction of a deed to Peter Brohl and Christine Schulz and to "the survivor of them." Peter Brohl by quitclaim deed undertook to convey the premises to the defendant Joseph Brohl, reserving a life estate. Thereafter Peter Brohl died and the plaintiff Christine Schulz brought suit against defendant to quiet title on the ground that following the death of her cotenant she had become sole owner of the premises. It was held that the deed should be construed as conveying a moiety, to each of the grantees named, for life, with remainder to the survivor in fee, and, hence, that the grantee could not by conveyance cut off the remainder. The rights of creditors were not in any way involved.

In *Finch* v. *Haynes,* 144 Mich 352 (115 Am St Rep 447), the conveyance involved was made to 2 sisters, and to "the survivor of them." One of the vendees quitclaimed all her right, title and interest in the premises to defendant. Following the death of such grantor suit was brought by the survivor to set aside the deed, to quiet title, and for an accounting. It was held, as in *Schulz* v. *Brohl, supra,* that the conveyance to the sisters did not make them joint tenants of the fee but, rather, each had a moiety for life with remainder to the survivor in fee. Referring to the case of *Midgley* v. *Walker, supra,* it was said (p 354):

"That was a case where the interest of 1 of 2 joint tenants under a deed, where the right of survivorship was expressly granted, was purchased under an execution sale upon judgment against him, and this Court held that such interest was subject to levy and sale. The decision goes no further than that. No greater estate can be alienated, either by the act of

a party or by operation of law, than such party has in the real estate."

It thus appears that the Court did not overrule *Midgley* v. *Walker* but merely differentiated it on the basis of the facts and issues involved. Such conclusion finds support in *Smith* v. *Smith,* 290 Mich 143 (124 ALR 215). There the Court in considering the legal aspects of the case before it quoted at some length from *Midgley* v. *Walker* without indication that it considered said decision had been overruled or modified. The trial court in the case at bar concluded that the interest of defendant Dean in the property was subject to levy and execution sale at the instance of creditors, and the decrees were entered in accordance with such conclusion. In each case the right of sale was limited to the interest of Dean. We are in accord with the action of the circuit court.

Appellants raise the further question that since they were married after the execution of the land contract they were at the time of the levy of the writs of execution tenants by the entireties. The nature of the conveyance, however, must be determined under the terms thereof and in accordance with the facts at the time of the execution of the contract. The subsequent marriage did not affect the construction of the land contract. In 26 Am Jur, Husband and Wife, § 70, p 698, it is said in discussing the essentials of an estate by the entireties:

"No such estate arises from even the most explicit words in a conveyance to a man and woman who are not husband and wife, even though they are described as such in the instrument of title, and are believed by the grantor or devisor to be legally married. It is immaterial that they intermarry after title vests in them, even though the conveyance is

made to them in anticipation of their intermarrying. In any such instance only a tenancy in common, with or without a right of survivorship, or a joint tenancy, can arise, depending on the wording of the conveyance or devise, the construction given it, and the state of the law relating to joint tenancy and tenancy in common in the particular jurisdiction in question."

In accord with the above statement of the rule is the decision of this Court in *McNitt* v. *McNitt*, 230 Mich 303. It was there held that a conveyance to persons who are not husband and wife at the time, but who subsequently marry, is not affected by such marriage. The following language from 1 Tiffany on Real Property (1903 ed), § 165 was quoted (p 309):

"A tenancy by entireties (or by the entirety) is essentially a joint tenancy, modified by the theory of the common law that the husband and wife are one person. This tenancy can exist only in case the persons to whom the title passes are husband and wife at the time the instrument conferring title takes effect, and it is not created by a conveyance or devise to persons who subsequently marry."

A similar conclusion was reached in *Cristia* v. *Cristia*, 317 Mich 66, in which *McNitt* v. *McNitt*, *supra*, was cited with other prior decisions. Appellants' claim that a tenancy by the entireties was created, thus rendering Dean's interest exempt from sale on execution, is without merit.

The trial judge found that there was no consideration for the deed from Dean to Mrs. Bennett, executed on January 20, 1956, that Dean was insolvent at the time, and that the conveyance was fraudulent as to the judgment creditors. The proofs on the trial fully supported the determination evidenced in the opinion and decrees of the circuit court. On behalf of appellants it is argued that there was a moral obligation on the part of Dean to surrender

his interest to his cotenant because of the fact that she had supplied the money to make the down payment on the land contract. Notwithstanding the fact that Dean received his interest in the property as a gift, made because of the intention of the parties to intermarry, such property was, nonetheless, subject to the claims of his creditors. Admittedly he received no financial return by way of consideration for his quitclaim conveyance to Mrs. Bennett. Whether or not such conveyance was executed in an attempt to place his property interest beyond the reach of creditors is immaterial. Such would be the result if effect were given to the deed. The record does not disclose, nor is it claimed, that there was any prior arrangement or agreement for such conveyance. On the contrary, the testimony of Mrs. Dean indicates that she and Dean entered into the land contract as vendees in the expectation, and with the intention, that they would marry, and that they wished to hold the property jointly. The action of the trial court in setting aside the deed was in accord with the record made on the trial.

As before noted, the levy of the writs of execution preceded the recording of the quitclaim deed. It does not appear that at the time of the levy plaintiffs had either actual or constructive notice of the conveyance attempted by Dean. By virtue of the provisions of CL 1948, § 623.83 (Stat Ann § 27.1582), as construed in *Wernik* v. *Kolodziejczak,* 240 Mich 468, 473, and prior decisions there cited, the levy was entitled to priority over the unrecorded deed. However, such fact is not material in the instant case inasmuch as the deed was fraudulent as to creditors.

The decrees provided for the protection of the homestead exemption which the trial judge found the defendants were entitled to on the sale of Dean's interest, the amount of such exemption being fixed by the Constitution, art 14, § 2, as amended at the

April election; 1943, at $2,500. The decrees afforded defendants the protection to which they claimed to be entitled.

The decrees from which defendants have appealed are affirmed, with costs to appellees. .

Dethmers, C. J., and Kelly, Smith, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.