## ANDERSON v RICHTER

1. DEEDS—LIFE ESTATES—REMAINDERS—EXPECTANCIES—SURVIVORS.

   A deed executed by a defendant, through a strawman, to defendant and plaintiff, "or survivor", created joint life estates in plaintiff and defendant with the remainder in fee to the survivor, not merely an estate in expectancy to the plaintiff which was revocable during the defendant's life; the defendant therefore was not entitled to have the plaintiff's name expunged from the deed upon the assertion that her intent had been for the deed to operate only as a will.

2. PARTITION—LIFE ESTATES—REMAINDERS—CONTINGENT INTERESTS.

   Partition of land was properly denied where plaintiff and defendant had joint life estates with remainder to the survivor, and where the plaintiff was aware that the defendant had intended that the plaintiff's interest in the land was to be contingent upon the defendant's death and the plaintiff by her actions had shown that she believed the defendant was to have quiet enjoyment of the property during defendant's lifetime.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 April 11, 1974, at Detroit. (Docket No. 17708.) Decided July 25, 1974.

Complaint by Hattie Anderson against Helen Richter for a partition of land. Defendant counterclaimed for reformation of a deed. Judgment for defendant. Plaintiff appeals. Reversed in part, affirmed in part.

*DeBiasi & Carrier, P. C.,* for plaintiff.

*Markus S. Simon,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Life Tenants and Remaindermen § 1.
[2] 51 Am Jur 2d, Life Tenants and Remaindermen §§ 82, 90–92.

Before: J. H. GILLIS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. The sole question here presented is whether the trial court correctly construed that the deed executed on March 25, 1944 created in plaintiff merely an estate in expectancy of demise rather than an immediate conveyance of title to plaintiff.

The series of events which gave rise to the present litigation began in November, 1924 when the defendant received a deed from her grandfather conveying 19 acres in the City of Taylor, Michigan. This deed was given in return for defendant's care of him in his last illness and payment of the balance due on his mortgage, all of his obligations and his funeral bill. Defendant has lived on the property for 50 years, maintained it, and paid the taxes, with some recent exceptions, since that time.

Sometime in 1927 the plaintiff, sister of defendant, who had witnessed the 1924 deed and knew of the arrangements, together with her two brothers demanded of defendant that the property be shared with them. Defendant agreed to do so on the condition that each pay a fourth of the expenses. This offer was refused.

Nothing further happened until March 25, 1944 when the defendant, while not feeling well, conveyed the property through a strawman, plaintiff's husband, to "Helen Richter and Hattie Anderson, or survivor." This deed was recorded on April 12, 1944.[1]

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] While it is of no import with respect to the present litigation,

Somewhat later 3.89 acres of the parcel were conveyed to plaintiff's son. Both parties joined in the execution of the deed conveying that portion of the parcel.

On August 23, 1971, plaintiff filed a complaint alleging that she and her sister, the defendant, were "tenants in common" of the remaining portion of the parcel, some 15 acres, and prayed for a partition of the acreage on the theory that the taxes were delinquent and that defendant was in no position to pay them. Defendant filed an answer, and along with it she filed a counterclaim which asserted that plaintiff had no interest in the property, since the deed was intended to create title in plaintiff only upon defendant's death. Defendant asked that plaintiff's name be expunged from the recorded deed.

After hearing the testimony, the trial court held that a judgment of no cause of action be entered on plaintiff's complaint, that the "defendant granted only an estate in expectancy to the plaintiff," and that the name of Hattie Anderson be removed and expunged from the deed. From that judgment plaintiff appeals as of right.

An action to partition land is equitable in nature. MCLA 600.3301; MSA 27A.3301. So too is defendant's counterclaim to quiet title in the land and reform the deed. As such this Court hears the appeal *de novo* on the record. While we are inclined to give great weight to the findings and determination of the trial court, we cannot, after a thorough review of this record and the applicable

since more than ten years have elapsed since the recording of that deed, we note that the deed failed to indicate the strawman's marital status and was thus not in compliance with MCLA 565.221; MSA 26.581.

case law, agree with the trial court's finding that the deed merely created an ambulatory estate in expectancy which was revocable during defendant's life.

The nature of the deed itself and the manner by which it was executed belie the present assertion by defendant that the deed was meant to operate merely as a will. First, it is the well established law of this state that the language "to A and B, or survivor" creates joint life estates in A and B with the remainder in fee to the survivor. *Rowerdink v Carothers,* 334 Mich 454; 54 NW2d 715 (1952); *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939); *Jones v Snyder,* 218 Mich 446; 188 NW 505 (1922); *Finch v Haynes,* 144 Mich 352; 107 NW 910 (1906); *Schulz v Brohl,* 116 Mich 603; 74 NW 1012 (1898). Second, it should be clear even to a layman that the language used conveyed some form of title or interest in the property at the time of execution. Third, the fact that defendant jointly executed the deed which conveyed a portion of the parcel to plaintiff's son is indicative of the fact that defendant believed, and thereby acknowledged, that plaintiff had such an interest in the land as would require plaintiff to be a necessary party to a sale of a portion of the land. Fourth, even if defendant felt at the time of the execution of the 1944 deed that plaintiff was only receiving an estate in expectancy, the joint deed to plaintiff's son indicates that she felt that plaintiff might have some vested interest in the land; therefore, it was incumbent that defendant, if she then had some doubt as to the status of her title to the land, undertake such actions at that time as were necessary to reform the deed to conform to what she now asserts was the true intent. Having failed to do it then, she is guilty of laches.

We are compelled to conclude on the basis of this record that the trial court erred in holding that the deed created a mere estate in expectancy which was revocable by defendant during her lifetime. Accordingly, the trial court erred in granting defendant's requested relief of removing and expunging plaintiff's name from the deed.

While the trial court erred in granting defendant's counterclaim, the court properly denied plaintiff's petition for partition. There is some authority for the proposition that where there are joint life estates with the remainder to the survivor, partition is improper. See *Ames v Cheyne, supra,* p 218.[2] More importantly, the record clearly supports the finding that plaintiff was aware of the fact that defendant intended plaintiff to only have a contingent remainder in the property, the contingency being that plaintiff survive defendant. The testimony by defendant with respect to the statements regarding her intent which she made at the time of the execution of the deed in question, coupled with the total absence of any contributions by plaintiff for the maintenance of the property or the payment of the taxes thereon, convinces this Court that plaintiff at all prior times believed and conceded that defendant was to have quiet enjoyment of the property during her lifetime. Partition being equitable in nature, it matters not whether we hold that plaintiff's present claim of interest in the property is tardy and therefore subject to laches or that plaintiff, by failing to do equity, cannot seek equity; the result

[2] The criticism of the *Ames* case found in the committee comment to MCLA 600.3304; MSA 27A.3304 appears to be misplaced. Contrary to the belief of the committee the *ratio decidendi* of the holding in *Ames* was not the existence of the contract but rather the nature of the estates created, *i.e.* joint life estates with cross contingent remainders to the survivors.

in either case is that plaintiff is not entitled to the equitable relief she now seeks.

Reversed in part, affirmed in part. Remanded for the entry of judgment consistent with this opinion. No costs.