## Stavish v. Stavish

*Scott L. Melton*, for plaintiff.
*Joseph M. Stanichak*, for defendant.

SAWYER, *P.J.*, April 8, 1980—This case involves a complaint for partition of real estate under Pa.R.C.P. 1551 et seq. It comes before us on plaintiff's motion for judgment on the pleadings.

The parties are presently husband and wife, although divorce proceedings have been initiated. The plaintiff-husband's position is that partition is proper in this case since the parties hold title as joint tenants with the right of survivorship under a deed dated January 27, 1976, prior to their marriage. Defendant-wife admits the above facts but argues that their subsequent marriage in June of 1976 automatically converted their ownership to a tenancy by the entireties, especially since the property was purchased in anticipation of marriage and used as the marital abode. If the property is held under a tenancy by the entireties, partition is inappropriate unless and until the parties are divorced. See Act of May 10, 1927, P.L. 884, as amended, 68 P.S. §501 et seq.*

We agree with plaintiff that the parties continue to hold title as joint tenants and will therefore grant his motion for judgment on the pleadings and order a partition of the property.

For the creation of a valid tenancy by the entireties, the five unities of time, title, interest, possession, and marriage must coexist: Frederick v. Southwick, 165 Pa. Superior Ct. 78, 83, 67 A. 2d 802, 805 (1949). Grantees who are not husband and wife at the time of the conveyance cannot, therefore, take title as tenants by the entireties: First Federal Savings & Loan Association of Greene County v. Porter, 408 Pa. 236, 242, 183 A. 2d 318, 323 (1962). Furthermore, and although there is no

---

*An exception to this general rule is: Where there has been a forceful dispossession by one party which, in effect, terminates the ownership by the entireties, then partition may be appropriate without a divorce but such exception is not averred in this case.

Pennsylvania appellate court decision specifically addressing the issue, the subsequent marriage of joint owners of property does not automatically convert their ownership to a tenancy by the entireties. As stated in 41 C.J.S., Husband and Wife, §31c.: "Where a man and a woman become possessed of an estate as joint tenants or as tenants in common, and afterward marry, they will retain their moieties after marriage and continue to hold as joint tenants or tenants in common and not as tenants by entirety." Young v. Young, 37 Md. App. 211, 376 A. 2d 1151, 1155 (1977); Schwarz v. U.S., 191 F. 2d 618, 621 (4th Cir. 1951); Williams v. Dean, 356 Mich. 426, 97 N.W. 2d 42, 44-45 (1959); Davis v. Bass, 188 N.C. 200, 206, 124 S.E. 566, 570 (1924).

In addition, it is of no consequence that the property was purchased in contemplation of marriage: Finnegan v. Humes, 163 Misc. 840, 298 N.Y.S. 50, 54 (1937).

In taking the position that the subject real property is now held by the parties as tenants by the entireties, defendant relies upon the decision in DiFlorido v. DiFlorido, 459 Pa. 641, 651, 331 A. 2d 174, 180 (1975), in which the court held that title to household goods and furnishings acquired in anticipation of or during marriage is presumed to be held by the parties as tenants by the entireties "in the absence of evidence showing otherwise." Since the DiFlorido case dealt with personalty, the court found no concrete evidence of the parties' intentions regarding title. In the case at bar, on the other hand, the property is realty; and we cannot assume that the parties intended to hold title as tenants by the entireties since the deed to them as joint tenants is definite "evidence showing otherwise." If

the parties intended to hold title as tenants by the entireties, it was necessary for them to take the routine step of executing a new deed to that effect after their marriage. Since they did not do so, we must assume that they intended to continue holding title as joint tenants. In an age highlighted by the Equal Rights Amendment and changing attitudes toward the marital relationship, we find it doubly important to rely upon the expressed intent of each individual couple rather than making assumptions about the intentions of most married couples in general, especially when dealing with such a substantial investment as real estate.

Since the parties agree that the deed under which they presently hold title specifies that they do so as joint tenants, rather than as tenants by the entireties, there are no material factual questions at issue; plaintiff is therefore entitled to judgment on the pleadings: Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board, 484 Pa. 313, 320, fn.11, 399 A. 2d 93, 96, fn. 11 (1979). As a joint tenant, he has the right to obtain a decree granting partition under Pa.R.C.P. 1551 et seq.: Larendon Estate, 439 Pa. 535, 541, 266 A. 2d 763, 766 (1970).

We therefore make the following

## ORDER

And now, April 8, 1980, it is hereby ordered, adjudged and decreed that partition be made of real estate situate in the Borough of Aliquippa, County of Beaver and Commonwealth of Pennsylvania, as more specifically described in plaintiff's complaint, between the parties therein named as follows: to John P. Stavish, Jr., one-half share; to Dolores A. Stavish, one-half share.