DONALD McDONALD, JR., ADMINISTRATOR OF THE ESTATE OF DONALD McDONALD, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27108.    Promulgated May 11, 1933.

*Donald V. Hunter, Esq.*, for the petitioner
*D. P. Kimball, Esq.*, for the respondent.

66

MURDOCK: A jurisdictional question was suggested by the Board Member at the hearing and the parties were requested to clear it up by proof of all pertinent facts. The petitioner had been the sole administrator of his father's estate but had been discharged before receiving the notice of deficiency. The question was whether he had ever notified the Commissioner of the termination of his fiduciary capacity. See section 281 (a) of the Revenue Act of 1926. The notice of deficiency would indicate that he had not and counsel for the respondent said there was nothing in his files to indicate that such notice had been given. The petitioner was questioned on the subject, but did not know whether or not a notice had been given. His counsel made no further answer to our question, but now urges us to dismiss the proceeding for lack of jurisdiction. We hold that we have jurisdiction. *Jessie Smith, Executrix*, 24 B.T.A. 807.

The petitioner contends for a loss deduction of $12,280 as a result of the sale of the 292 shares of stock which the decedent acquired from his daughter-in-law. The Commissioner allowed a deduction of only $2,620 on the loss resulting from the sale of those particular shares. A theory advanced in the notice of deficiency and still relied upon by the respondent is that the excess of the purported purchase price of the stock over the fair market value of the stock at the time of acquisition represented a gift and was not a part of true cost. Some support for this theory is found in two cases cited by the respondent, *Harry F. Robertson*, 5 B.T.A. 748, and *Robinson* v. *Commissioner*, 59 Fed. (2d) 1008. Furthermore, the present case is an appropriate one for the application of such a theory, if the theory is sound in principle. The decedent could have purchased the stock for less money. He paid more than market only that thereby he might aid his son and his daughter-in-law. Adverse interests can be relied upon to fix a proper cost for tax purposes, but where, as here, the interests of the parties are not adverse, the terms agreed upon may require closer scrutiny.

The respondent suggests other grounds to support his determination. One is that the loss was not sustained in a transaction entered into for profit. The loss in question was not incurred in trade or business. Neither was it a loss from casualty or theft.

Therefore, the petitioner must rely upon section 214 (a) (5) of the Revenue Act of 1921, which allows as a deduction " Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business." Obviously the decedent did not enter into this transaction for the sole purpose of making a profit. The making of a profit was not even his primary purpose. Indeed the facts do not indicate that he gave any consideration to the question of probable profit or loss. He advanced his money in order to relieve his son and his daughter-in-law from their difficulties. If the transaction can not be divided so that in part it was one entered into for profit and in part was not one entered into for profit, the petitioner would not be entitled to any deduction, since he could not show that the transaction as a whole was one entered into for profit. Furthermore the loss resulting from the excessive price paid for the stock must have been compensated for by the personal satisfaction which he derived from coming to the aid of his family. Probably the legislators, when they enacted the provision in question, had in mind only compensation of a material kind. However that may be, we think that they did not intend to allow a deduction for that part of the loss which resulted in this case from paying more than a fair price for the stock. The excess cost was paid for personal reasons, would not have been paid otherwise, and can not be the basis of a loss.

*Decision will be entered for the respondent.*