Estate of Edwin F. Borden, Deceased, Althea Borden, Executrix v. Commissioner.
Estate of Edwin F. Borden v. Commissioner
Docket No. 18887.
United States Tax Court
1950 Tax Ct. Memo LEXIS 141; 9 T.C.M. (CCH) 630; T.C.M. (RIA) 50185; July 21, 1950
Samuel Gordon, Esq., 255 Bedford St., Stamford, Conn., for the petitioner. Leo C. Duersten, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $3,574.57 in the income tax liability of Edwin F. Borden, deceased, for the fractional taxable year 1944. The petitioner assigns as errors the disallowances of claimed deductions in the amounts of (1) $5,515.47 as medical expenses subject to the limitations prescribed by section 23 (x) and (2) $3,410 as alimony payments under section 23 (u), I.R.C.
At the conclusion of the hearing on the merits counsel for petitioner moved to dismiss for lack of jurisdiction on the ground that Althea Borden had been discharged as executrix prior to the mailing of the deficiency notice and had no authority to represent the estate of the deceased in filing the petition herein. The motion will be denied for the reasons set forth in the opinion herein. Findings of Fact The petitioner's decedent, Edwin F. Borden, died testate on June 22, 1944, a resident of Stamford, Connecticut, and in or about July, 1944, Althea *144 Borden was duly appointed executrix of decedent's last will and of his estate by the Probate Court for the District of Stamford, Connecticut. The decedent's final income tax return was made on the cash receipts and disbursements basis for the period January 1 to August 31, 1944; was made in the decedent's name alone and signed "Edwin F. Borden by Althea Borden executrix"; and was filed with the collector for the district of Connecticut, on March 15, 1945. The decedent's final return for the fractional year 1944 reported adjusted gross income of $27,551.24 ascribed as income from the partnership of The D. T. Sterling Co., Stamford, Connecticut, and claimed certain deductions including the amount of $3,410 as alimony payments and the amount of $2,500 as allowable medical expenses after application of the statutory limitations on the reported net medical expenses of $5,515.47. The respondent's notice of deficiency dated March 11, 1948, which disallowed deductions of $2,500 medical expenses and $3,410 alimony, was addressed to "Estate of Edwin F. Borden, Althea Borden, Executrix, c/o Gordon and Kuriansky, 255 Bedford Street, Stamford, Connecticut." The petition herein, filed on June 1, 1948, is *145 styled "Edwin F. Borden, Deceased, June 22, 1944. Estate of Edwin F. Borden, Althea Borden, Executrix". The petition alleges, inter alia, that "The petitioner is a fiduciary with principal office at #255 Bedford Street, Stamford, Connecticut", and the petition is subscribed and sworn to by "Althea Borden, Executrix as Aforesaid of the Estate of Edwin F. Borden". The respondent's answer "Admits that petitioner is a fiduciary". On January 29, 1946, the Probate Court for the District of Stamford, Connecticut, issued an order which reads as follows: Estate of Edwin F. Borden, late of Stamford, in said District, deceased. This Court finds from sworn return on file that notice of the time and place of the hearing upon the allowance of the account of the executrix has been given as directed in an order of this Court made on the 17th day of January, 1946. This Court after due hearing had at which said executrix appeared by her attorney, Samuel Gordon, finds that all taxes including the succession tax due on said estate have been paid, and accepts said return and allows the foregoing account and orders the same to be recorded and kept on file in this Court. Althea Borden, the duly *146 appointed executrix of the estate of Edwin F. Borden, deceased, gave no notice to the respondent of any termination of that fiduciary capacity. Prior to his death the decedent was a partner in the partnership of The Douglas T. Sterling Company, which paid various medical expenses incurred in decedent's last illness and charged them to his partnership account. Of the total amount of $5,515.47 reported on decedent's final return and alleged in the petition herein as net medical expenses incurred between January 11 and June 22, 1944, for doctors, nurses, drugs, hospital, etc., in connection with decedent's last illness, the respondent concedes that $3,379.45 thereof constitutes such expenses incurred and paid prior to and including the date of decedent's death on June 22, 1944, and therefore constitutes a proper deduction on the decedent's final return subject to the limitations prescribed by section 23 (x), I.R.C. As to the remaining disputed portion ($2,136.02) of such alleged expenses, the amount of $1,958.75 was paid during June and August subsequent to decedent's death. Althea Borden, executrix of the estate of Edwin F. Borden, deceased, brought an action *147 against the above-mentioned partnership and the individual partners for an accounting and payment of decedent's interest in the partnership assets and profits. By order of the Probate Court dated November 9, 1945, she was authorized and empowered to execute a quitclaim deed to certain real estate and to accept $15,500 in compromise settlement of a larger sum claimed by her. In or about October, 1933, the decedent's first wife, Irma D. Borden, filed in the Chancery Court of New Jersey a bill for maintenance of herself and infant son Peter A. Borden. On February 20, 1934, that court issued an "Order For Payment of Alimony Pendente Lite" wherein the decedent was ordered to pay his wife Irma the sum of $15 per week "until further order of this Court, for her support and maintenance, and that of Peter A. Borden, the child of said marriage", and further ordered decedent to pay to Irma's solicitors the sum of $160 for counsel fees and costs. On August 10, 1944, there were presented in the Chancery Court of New Jersey to Althea Borden, executrix of the estate of Edwin F. Borden, two claims against the estate, one claim by Irma D. Borden for a debt due her in the amount of $7,950 and one *148 claim by Frank H. Blatz for a debt due him in the amount of $160, both claims being made under the above-mentioned order of that court dated February 20, 1934. Irma D. Borden's claim was compromised for $3,250 and Frank H. Blatz's claim was settled in full and on account thereof Althea Borden paid the total amount of $3,410 on September 27, 1944, and both of those claimants filed in the Chancery Court of New Jersey a release and discharge of all claims against Althea Borden, executrix, and against the estate of Edwin F. Borden. The petitioner concedes that the amount of $160 so paid to Blatz is not an allowable deduction on the decedent's final income tax return for the fractional year 1944. Opinion KERN, Judge: The jurisdictional issue involved herein was raised by petitioner at the conclusion of the hearing on the merits. In connection therewith there is no dispute as to the facts that the notice of deficiency was directed to Althea Borden in her fiduciary capacity and that she purported to act in the same capacity in filing the petition herein. The motion to dismiss is solely on the ground that Althea Borden had been discharged as the executrix of the estate of Edwin F. Borden *149 prior to the mailing of the notice of deficiency and therefore had no authority to file the petition initiating this proceeding. To substantiate the alleged discharge as executrix, petitioner introduced in evidence the Probate Court's order of January 29, 1946, quoted in full in our findings of fact. That order shows the allowance of an accounting by the executrix, but we are unable to determine from the face of the order, or otherwise from the record herein, that there was a final accounting or that by such order the executrix was in fact or law discharged from any further duty or authority to act in her fiduciary capacity. However, even if we assume that Althea Borden was thereby discharged as executrix, as contended by petitioner, there is no evidence that notice thereof was given to the respondent and, on this record, we must conclude and have found as an ultimate fact that no such notice was given. Althea Borden's failure to give such notice, as required by section 901, Internal Revenue Code, [1] brings this case within the rule announced in Estate of Nellie L. Rhodes, 44 B.T.A. 1315, wherein it was held that a discharged executor was the proper *150 person to file a petition for redetermination of the income tax liability of the decedent where the notice of deficiency was directed to him and he had failed to notify the respondent of the termination of his fiduciary capacity as required by section 312, Revenue Act of 1936, which, in material respects, is similar to section 901, Internal Revenue Code. [2]
*151 On this record we hold that Althea Borden, executrix of the estate of Edwin F. Borden, deceased, is the proper person to file the petition in this proceeding and that the Tax Court has jurisdiction thereof. An order will be entered denying petitioner's motion to dismiss. On brief petitioner contends that the decedent's final return purports to be for the entire calendar year 1944 and presumably includes the decedent's share of partnership income for 1944 both prior and subsequent to his death, and that therefore the claimed deductions involved in this proceeding, whether paid before or after death, should be allowed in determining the decedent's income tax liability for his final fractional year 1944. Such contention as to the income reported on decedent's final return is wholly unsupported by the record herein. We have no properly raised issue and no proof as to whether the partnership of which decedent was a member terminated at his death or continued for a period thereafter, so as to raise a question of whether certain partnership profits were properly included in decedent's final return or constituted income of his estate. Contrary to petitioner's conention, it would appear *152 that the $15,500 compromise settlement was not included in the decedent's final return, for such sum was fixed in amount and received by the executrix long after the filing of that return and also such settlement embraced an undisclosed amount of decedent's distributive share of the partnership assets. However, no issue has been raised at any time by the pleadings herein that the respondent erred in his determination, in the notice of deficiency, that the decedent's reported adjusted gross income of $27,551.24 constituted the correct amount of taxable income properly includible in decedent's final return for his fractional "taxable year" 1944, which did not run beyond the decedent's death, [3] and no redetermination with respect thereto may be made in this proceeding. The claimed deductions, disallowed by respondent in determining the income tax deficiency involved herein, are in the amounts of $2,500 as medical expenses under section 23 (x), Internal Revenue Code, [4] as amended by section *153 8 (c), Revenue Act of 1944, and $3,410 as alimony payments under section 23 (u), Internal Revenue Code, [5] as amended by section 120 (b), Revenue Act of 1942, and also under section 43, Internal Revenue Code, [6] as amended by section 134 (b), Revenue Act of 1942. *154 The claimed medical expenses deduction of $2,500 under the limitations of section 23 (x) is based on alleged net medical expenses totalling $5,515.47 incurred during decedent's last illness from January, 1944, to date of death on June 22, 1944. Respondent concedes that $3,379.45 of such expenses was actually paid during the fractional "taxable year" ending on the date of decedent's death and therefore allowable as a deduction to the extent of $2,001.89 under section 23 (x). The record shows that medical expenses of decedent in the sum of $1,959.75 were paid after his death and petitioner contends that such amount is allowable on decedent's final return even though paid after his death. Respondent contends that since the decedent's "taxable year" 1944 was a fractional year ending on date of death on June 22, 1944, only medical expenses actually paid during that period may be deducted on decedent's final return under section 23 (x) which specifically provides for a deduction of "expenses paid during the taxable year * * * for medical care of the taxpayer." See also Regulations 111, section 29.23 (x)-1. On this specific point no authorities have been cited and we find none; however, *155 the language of the statute is clear and we agree with respondent's contention. On this issue we hold that the allowable medical expense deduction is in the amount of $2,001.89. With respect to the claimed deduction of $3,410 as alimony payments the petitioner concedes that $160 thereof representing certain attorney fees, is not deductible on decedent's final return. There remains in dispute the question whether decedent is entitled to a deduction, as alimony under section 23 (u), of the amount of $3,250 paid on September 27, 1944, by the executrix of decedent's estate in compromise settlement of a claim against the estate for a debt due decedent's first wife for periodic payments of $15 per week for support and maintenance of herself and child pursuant to an "Order For Payment of Alimony Pendente Lite" entered February 20, 1934, by the Chancery Court of New Jersey; such payments to continue until further order of the court. On brief petitioner states that no further decree or order was entered by the New Jersey court and that in July, 1934, the decedent obtained an uncontested Mexican divorce from his first wife. Aside from the fact that the amount of $3,250 was actually paid *156 by the executrix as a claim against the decedent's estate which is a separate taxable entity from the decedent, the claimed deduction does not come within specific requirements of section 23 (u). Under that section the right to a deduction depends (1) upon payments being "made within the husband's taxable year" and (2) whether the payments are of such a character as to be "includible under section 22 (k) in the gross income of his wife". The payment in question was not paid during decedent's fractional "taxable year" ended June 22, 1944, and so far as this record discloses was not made pursuant to any decree of divorce or legal separation, but solely as alimony pendente lite which has been held not to come within the requirement of section 22 (k) as taxable to the former wife. Joseph A. Fields, 14 T.C. 1202 and George D. Wick, 7 T.C. 723, affirmed 161 Fed. (2d) 732. The case of Laughlin's Estate v. Commissioner, 167 Fed. (2d) 828, reversing 8 T.C. 33, cited and relied on by petitioner, has no application to the instant case for it involved a claimed deduction from the income of the estate of a decedent for payments made *157 pursuant to a divorce decree and, after pointing out that section 23 (u) "applies only during the husband's lifetime", the court held that the estate was entitled to the claimed deduction under sections 162 (b) and 171 (b), Internal Revenue Code. On this issue respondent's determination is sustained. Decision will be entered under Rule 50. Footnotes
1. SEC. 901. NOTICE OF FIDUCIARY RELATIONSHIP. (a) Fiduciary of Decedent. - Upon notice to the Commissioner that any person is acting as executor, such person shall assume the powers, rights, duties, and privileges of an executor in respect of the tax imposed by this subchapter until notice is given that such person is no longer acting as executor. (b) Fiduciary of Transferee. - Upon notice to the Commissioner that any person is acting in a fiduciary capacity for a person subject to the liability specified in section 900, the fiduciary shall assume on behalf of such person the powers, rights, duties, and privileges of such person under such section (except that the liability shall be collected from the estate of such person), until notice is given that the fiduciary capacity has terminated. (c) Manner of Notice. - Notice under subsection (a) or (b) shall be given in accordance with regulations prescribed by the Commissioner with the approval of the Secretary. (d) Address for Notice of Liability. - In the absence of any notice to the Commissioner under subsection (a) or (b), notice under this subchapter of a deficiency or other liability, if addressed in the name of the decedent or other person subject to liability and mailed to his last known address, shall be sufficient for the purposes of this subchapter.↩
2. See also, Sanborn v. Helvering, 108 Fed. (2d) 311, affirming 39 B.T.A. 721; Olsen Administrator v. Helvering, 88 Fed. (2d) 650; Waldemar R. Helmholz, Executor, 28 B.T.A. 165 (this point not covered in Helvering v. Helmholz, 75 Fed. (2d) 245); Donald McDonald Jr., Administrator, 28 B.T.A. 64; and Jessie Smith, Executrix, 24 B.T.A. 807↩.
3. Sections 47 (g) and 48 (a), Internal Revenue Code↩, as amended by section 135, Revenue Act of 1942. Also, see Regulations 111, Section 29.47-1.
4. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(x) Medical, Dental, Etc., Expenses. - Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. The deduction shall not be in excess of $1,250 multiplied by the number of exemptions allowed under section 25 (b) for the taxable year (exclusive of exemptions allowed under section 25 (b) (1) (B) or (C)), with a maximum deduction of $2,500, * * *. * * *↩
5. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(u) Alimony, Etc., Payments. - In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection. * * *↩
6. SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN. The deductions and credits (other than the corporation dividends paid credit provided in section 27) provided for in this chapter shall be taken for the taxable year in which "paid or accrued" or "paid or incurred," dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts (except amounts includible in computing a partner's net income under section 182) accrued as deductions and credits only by reason of the death of the taxpayer shall not be allowed in computing net income for the period in which falls the date of the taxpayer's death.↩