JONES *v.* SNYDER.

DEEDS—CONSTRUCTION—JOINT TENANCY—CONTINGENT REMAINDER.
Under a deed conveying land to four persons, "as joint
tenants, and to their heirs and assigns, and to the sur-
vivors or survivor of them, and to the heirs and assigns
of the survivor of them, forever," a joint tenancy for life
in the grantees was created, with a contingent remainder
in fee simple to the survivor, and, therefore, one of the
grantees could not alienate his joint interest so as to
cut off the contingent remainder.

Appeal from Bay; Snow (Ernest A.), J., presiding.
Submitted January 10, 1922.   (Docket No. 69.)   De-
cided June 5, 1922.   Rehearing denied November 2,
1922.

Bill by Julia E. Jones against Flora B. Snyder and
others for a partition of certain real property.   From
a decree dismissing the bill, plaintiff appeals.   Af-
firmed.

*Edward S. Clark* and *Victor Spike* (*Albert C. Hirsch*
and *Watson & Freeman,* of counsel), for plaintiff.

*Stoddard & McMillan,* for defendants.

BIRD, J.   Plaintiff filed this bill to partition certain
real estate in Bay City in which she claimed an un-
divided one-half interest.   Flora B. Snyder was made
a defendant as well as the tenants occupying the real
estate.   Flora B. Snyder appeared and denied that
plaintiff had any interest in the real estate.   A hear-
ing on the merits followed and convinced the chan-
cellor that defendants' position was the correct one
and plaintiff's bill was dismissed.

The facts out of which the question in controversy

On validity and effect of a deed by one co-tenant purporting to
convey a parcel in severalty to a third person, see note in 47
L. R. A. (N. S.) 573.

has developed are, in substance, these:    In 1905, Melvin A. Root, an elderly man, was the owner of certain residence and business property in Bay City.    He had recently lost his wife, and having no children he was very lonely.    He conceived the idea of inviting Jared M. Snyder, his brother-in-law, then employed in Washington, D. C., to come with his wife and daughter and take charge of his business interests, occupy his dwelling, and make a home for him.    He estimated that the income from the business property was large enough to furnish support for all of them and furnish him with opportunity and the means to spend some of his time in travel.    He further conceived the idea of placing the title of said property in the Snyders and himself in joint tenancy.    After some reflection the Snyders accepted his proposition and moved to Bay City and took charge of Mr. Root's business matters and Mrs. Snyder took charge of the household duties.    Mr. Root, to carry out his plans, conveyed the title to said residence and business property to one Frantz, and in turn he conveyed it to Melvin A. Root, Jared M. Snyder, Susan W. Snyder and Flora B. Snyder, *"as joint tenants, and to their heirs and assigns, and to the survivors or survivor of them, and to the heirs and assigns of the survivors or survivor of them, forever."*    (For a full text of the deeds see 161 Mich. 200.)    Matters went along smoothly for a time but before the end of two years Mr. Root grew tired of his new relations and filed a bill to set aside this conveyance.    His claim was that the Snyders had failed to carry out their agreement with him and that there was no consideration paid for the conveyance, and asking that the conveyance be set aside.    This litigation resulted in sustaining the conveyance of the real estate and giving Mr. Root the whole use of the residence property and one-third of the income from the business property.    (161 Mich. 200.)    Subse-

quently, and in 1908, Mr. Root went to live with a second cousin, Julia E. Jones, the plaintiff herein. He remained with her until his death. In March, 1919, Mr. Root conveyed to said Julia E. Jones an undivided one-half interest in said residence and business property. At the date of this suit Mr. and Mrs. Snyder were deceased and defendant Flora B. Snyder was the only survivor of the four grantees in the deed of joint tenancy. Flora B. Snyder's claim is that Mr. Root's deed to Julia E. Jones did not convey any interest in the property, but that she herself took the entire interest as survivor. The question in the suit is: Did Julia E. Jones get any interest in the real estate by her deed from Mr. Root?

Both parties concede that the deed made the parties joint tenants of the real estate. Plaintiff asserts that Mr. Root, as a joint tenant, had a right to convey his interest to plaintiff. Defendants contend that by reason of the stipulation in the deed that the property should go to the survivor or survivors, he could not alienate his joint interest.

Much time has been devoted by plaintiff to the question whether one joint tenant can alienate his joint interest. If the deed created a simple joint tenancy there is no question but Mr. Root could sever his interest. That question need not be further considered. The real question is, Does the addition of the words "survivor or survivors" change the rule that one joint tenant may sever the tenancy? Defendants rely upon the cases of *Schulz* v. *Brohl,* 116 Mich. 603, and *Finch* v. *Haynes,* 144 Mich. 352 (115 Am. St. Rep. 447), to sustain their contention that the tenancy cannot be severed.

The chancellor was of the opinion that these cases controlled the present one. In principle there is no distinction. Technically there is this distinction: In the Michigan cases cited the "survivorship" is at-

tached to a tenancy in common, whereas, in the present case, the "survivorship" is attached to a joint tenancy. We are unable to see why the rule laid down in the Michigan cases should not be applied in both classes of tenancy. The words "survivor or survivors" attached to the granting clause indicate an intention upon the part of the grantor to create something more than a mere joint tenancy. The word "survivor" attached to the estates in common in the Michigan cases cited carried them to the survivor, and we see no valid reason why it should not operate the same with a joint tenancy. If we construe the deed as a pure joint tenancy we give no effect whatever to the words "survivor or survivors." It is quite evident that those words were used by Mr. Root for some purpose, and we think that purpose must have been to secure the property to the longest liver or to the survivor. Under this view we must construe the deed as creating a joint tenancy for life in the grantees with a contingent remainder in fee simple to the survivor. This construction was given to the provisions of a will where the testator gave the remainder of an estate to seven devisees (naming them) in joint tenancy. *Quarm* v. *Quarm* (1892), 1 Q. B. Div. 184 (61 L. J. Q. B. 154, 66 L. T. Rep. [N. S.] 418, 40 Weekly Reports, 302). To one who is attempting to find the right solution the case cited is a very interesting and instructive one by reason of its similarity and reasoning. A portion of the opinion of Lord Chief Justice Coleridge is given below:

"In this case we have to place a construction upon a clause in a will dated in 1840, shortly after the Wills act came into operation, and evidently drawn by a lawyer. Section 28 of the Wills act enacts 'that when any real estate shall be devised to any person without any words of limitation such devise shall be construed to pass the fee simple, or other the whole estate or interest which the testator had power to dis-

pose of by will in such real estate, unless a contrary intention shall appear by the will.'    Therefore it is said unless a 'contrary intention appears by the will' the effect must be to make the seven devisees joint tenants in fee; and in that case the joint tenancy in fee has been severed and put an end to owing to the conveyance of his share by one of the joint tenants. But it is urged on behalf of the plaintiff that when the whole clause is looked at, a 'contrary intention' does appear—an intention, that is, to make these persons, not joint tenants in fee, but tenants for life, with a contingent remainder in fee simple to the ultimate survivor; and that this is shewn by the use of the words 'and to the survivor or longest liver of them, his, or her heirs and assigns forever'; and it was admitted on behalf of the defendants that, if this is not their true construction, these words must be regarded as not only inconsistent with the rest of the clause, but as useless.    It is familiar law that effect should, if possible, be given to every word which the testator uses, and the interpretation suggested by the plaintiff does this.    It gives effect to all the terms of the settlement, makes none of them nugatory, and places a plain and intelligible meaning on the words of the will. There is, therefore, good *prima facie* reason for adopting it."

We are of the opinion that the conclusion reached by the chancellor is right and should be sustained.

The decree is affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.