AMES *v.* CHEYNE.

1. TRUSTS — RESULTING TRUST—JOINT TENANCY—SURVIVORSHIP —
SPECIFIC PERFORMANCE.

After oral agreement between plaintiff and defendant, two of
several heirs of deceased, that title to certain land which they
purchased from the estate should be placed in their names
jointly and to the survivor thereof, fact that title thereto was
taken in the name of defendant only would not raise a re-
sulting trust in favor of plaintiff; but under testimony ad-
duced, plaintiff was entitled to specific performance of agree-
ment.

2. JOINT TENANCY—SURVIVORSHIP.

Where property stands in the name of joint tenants with the
right of survivorship, neither party may transfer the title to
the premises and deprive the other of such right of survivor-
ship.

3. PARTITION—SPECIFIC PERFORMANCE—JOINT TENANCY—SURVIVOR-
SHIP.

Contract whereby property which was to have been conveyed to
plaintiff and defendant as joint tenants and to the survivor,
being specifically enforceable, does not permit partition of the
property at request of plaintiff since neither party may deprive
the other of the right of survivorship.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted June 6, 1939. (Docket No. 26, Calendar No.
40,525.) Decided September 5, 1939.

Bill by Olin L. Ames against Maebelle Cheyne for
partition of real estate. Decree for plaintiff. De-
fendant appeals. Reversed in part and affirmed in
part.

*Norman A. Lilly,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal (Phil R.
Johnson,* of counsel), for defendant.

POTTER, J. Plaintiff filed a bill against defendant and appellant for partition of real estate. From a decree granting the prayer of plaintiff, defendant appeals.

Josephine S. Ames was the owner in her lifetime of the fee in the lands and premises·in question and died intestate November 29, 1934, leaving as her heirs the plaintiff, one half-sister, Ida A. Fast, and nine nephews and nieces. During her lifetime, on November 22, 1934, about a week before her death, Josephine S. Ames executed to plaintiff a life lease of the premises. Daniel F. Pagelson was appointed administrator of her estate, accepted said trust, and qualified as such administrator. Plaintiff presented a claim against the estate of deceased which was allowed at $1,040.48. The administrator of the estate petitioned for license to sell the real estate of deceased for the payment of debts, and such license was issued by the court. May 5, 1937, Ida A. Fast quitclaimed her interest in the real estate in question to plaintiff.

The bill alleges that plaintiff and defendant, Maebelle Cheyne, entered into an agreement wherein and whereby they should together raise the money to purchase the property, pay the back taxes, and agreed that on the purchase of the premises title should be placed in the names of Olin L. Ames and Maebelle Cheyne. This was to be accomplished by the sale of the property on April 6, 1937, to Maebelle Cheyne by deed duly recorded in Ottawa county. Plaintiff alleges that prior to the sale of the premises to Maebelle Cheyne it was agreed by and between the said Maebelle Cheyne and plaintiff that the title to the premises should be placed in the name of Maebelle Cheyne and that afterwards Maebelle Cheyne should deed such premises to Daniel F. Pagelson and he was to deed the same to Maebelle Cheyne and Olin L. Ames. The bill sets up the man-

ner in which the property was to be paid for; that the deed was executed to Maebelle Cheyne, and alleges she was to deed the premises to Pagelson and that Pagelson was to deed the same to plaintiff and Maebelle Cheyne as joint tenants; that a deed was prepared for the signature of Maebelle Cheyne, delivered to her for execution and delivery to Daniel F. Pagelson, and a deed was also made and delivered to Maebelle Cheyne from Pagelson to Maebelle Cheyne and plaintiff, but neither of the deeds has been placed on record. Plaintiff asks partition of the premises.

Defendant by way of answer says it was orally agreed that deeds were to be made whereby plaintiff and Maebelle Cheyne were to be made joint tenants with right of survivorship. She alleges she is ready and willing to execute the deeds as prepared by Mr. Pagelson and has offered to do so; that she is advised she is under no legal obligation to make the deeds but that she is entitled to have the title to the premises remain in her. She claims the title to the property was voluntarily placed in her name and is now held by her and that no resulting trust arises in anyone by reason thereof. She says the verbal agreement was that the title to the premises would be placed in the names of plaintiff and defendant as joint tenants and not tenants in common, and to the survivor thereof; that the deeds were prepared in accordance with that agreement and that she is ready and willing to carry out and perform such agreement; and denies plaintiff is entitled to partition.

The deeds in question show, *first,* that Daniel F. Pagelson, administrator of the estate of Josephine S. Ames, deceased, in pursuance of the order of the probate court, sold and conveyed the premises to Maebelle Cheyne, her heirs, executors and assigns forever. The proposed quitclaim deed from the de-

fendant, Maebelle Cheyne, to Pagelson conveyed the lands and premises in question. And the deed prepared by Pagelson to Maebelle Cheyne and Olin L. Ames runs to them "as joint tenants and not tenants in common, *and to the survivor thereof,* parties of the second part."

No resulting trust arose in favor of the plaintiff in this case by reason of the fact the title to the land in question was taken in the name of defendant, Maebelle Cheyne, and if the verbal agreement made between the parties should be carried out and performed and the deeds prepared by the attorney for plaintiff, Mr. Pagelson, were executed so the title became vested in accordance with such deeds in the plaintiff and the defendant as joint tenants and not tenants in common, and to the survivor thereof, as we think the testimony and the actions of the parties show was the true agreement, then the contract should be specifically enforced and the title to the premises rest in plaintiff and defendant as joint tenants with the right of survivorship.

Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship. *Schulz* v. *Brohl,* 116 Mich. 603; *Finch* v. *Haynes,* 144 Mich. 352 (115 Am. St. Rep. 447).

If the contract is specifically enforced, as we think under the testimony it should be, plaintiff may not have partition.

Decree of the trial court insofar as it grants partition is reversed and bill of complaint dismissed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.