ROWERDINK *v.* CAROTHERS.

1. Deeds—Survivorship of Grantee—Contingent Remainders.
   A deed of land to 2 grantees or survivor conveys a moiety to
   each for life, with remainder to the survivor in fee, and
   neither of them, by conveyance during his lifetime, can
   create a tenancy in common so as to cut off the contingent
   remainder.

2. Courts—Rule of Real Property Law—Overruling.
   Cases establishing a rule of law as to real property will not
   be overruled in the absence of necessity.

3. Deeds—Construction—Extrinsic Facts.
   Extrinsic facts shown *held,* without effect in construing deed
   to 2 grantees or survivor.

4. Same—Construction—"Or"—"And."
   Word "or" in deed conveying to grantees "or survivor" does not
   require a different construction than if word "and" had been
   used.

5. Same—Construction—Conveyance by Survivor.
   Quitclaim deed to plaintiff by survivor of 2 grantees in conveyance
   to them "or survivor," executed after other grantee had died,
   conveyed title to plaintiff.

Appeal from Grand Traverse; Brown (Charles
L.), J. Submitted June 12, 1952. (Docket No. 52,
Calendar No. 45,509.) Decided September 3, 1952.

Bill by Doris Rowerdink against Flossie Ca-
rothers to quiet title to real estate. Decree for
plaintiff. Defendant appeals. Affirmed.

*Searl, White & Block,* for plaintiff.

*Charles H. Menmuir,* for defendant.

References for Points in Headnotes
[1–5] 14 Am Jur, Cotenancy § 6 *et seq.*

REID, J. This is in effect a bill of complaint filed for construction of a deed in which the grantees are "Alfred Carothers and Delarma Hackett, or the survivor of them." The decree of the trial court determined that plaintiff, the grantee of Hackett who survived Carothers, is the owner of the property. Defendant who claimed through Carothers, appealed.

The receiver of the Citizens State Bank of Fife Lake on November 13, 1937, petitioned the circuit court for authority to sell the west half of the southeast one-quarter and the southeast one-quarter of the southeast one-quarter of sec 36, T 26 N, R 9 W, Union township, Grand Traverse county, Michigan, "to Alfred Carothers and Delarma Hackett, or survivor," on executory land contract for the sum of $550, to be paid $150 down and with the balance of $400 to be paid thereafter in monthly instalments of $40 per month beginning January 1, 1938. Alfred Carothers was a brother of the plaintiff, Doris Rowerdink, and Delarma Hackett was a nephew of the plaintiff. The property had formerly been owned by the parents of Alfred Carothers and Doris Rowerdink, and had been taken over by the bank on a mortgage foreclosure. Defendant is the widow of Alfred Carothers.

To effect the sale, a receiver's deed was to be executed at once and placed in escrow with the receiver until the purchase money was fully paid. Authority was granted by the court to make the sale, November 18, 1937 "to Alfred Carothers and Delarma Hackett, or the survivor of them." The deed, exhibit No 4, was dated November 22, 1937, 4 days after the order. The pertinent parts of the deed read as follows:

"THIS INDENTURE, made this 22d day of November, A. D. 1937, between L. G. HAMMOND as the duly appointed and acting receiver of the Citizens State

Bank of Fife Lake, a banking corporation in receivership, as party of the first part and ALFRED CAROTHERS and DELARMA HACKETT, or the survivor of them, of Fife Lake, Michigan, as parties of the second part * * * WHEREAS, the said L. G. Hammond, as receiver * * * has sold the right, title and interest of said bank in the premises hereinafter described, at private sale, to the said parties of the second part, the said Alfred Carothers and Delarma Hackett, for the sum of $550 * * * in consideration of the sum of $550 to him paid by said parties of the second part, Alfred Carothers and Delarma Hackett, the receipt whereof is hereby acknowledged, the said parties of the second part [*sic*, party of the first part], as such receiver, does hereby grant, bargain, sell and convey unto the said Alfred Carothers and Delarma Hackett, or survivor, their heirs, executors and administrators as parties of the second part * * * To HAVE AND To HOLD the same with all the privileges and appurtenances thereunto belonging to the said parties of the second part, their heirs, executors and administrators FOREVER."

This deed was not acknowledged until September 30, 1938, on which day it was signed. On that same day, September 30, 1938, Delarma Hackett, not wanting to invest more in the land, and having said he wasn't interested in it and that he wouldn't put any more money in it, deeded "all his undivided one-half interest" in the land to Doris Rowerdink, the plaintiff, "and to her heirs and assigns forever." The receiver's deed was recorded by Alfred Carothers November 5, 1938, and the Hackett deed was recorded the same day, November 5, 1938, and at the same hour, 10:30 a.m.

The plaintiff, Doris Rowerdink, after the death of her brother, Alfred Carothers, in 1948, secured a second quitclaim deed to the property in question from Delarma Hackett on April 9, 1949. Hackett

outlived Alfred Carothers and is still alive. Plaintiff also secured a quitclaim deed on October 20, 1949, from Georgia Carothers, her mother, after Alfred's death.

Alfred Carothers and his wife, defendant Flossie Carothers, had no children; and as widow, defendant claims one-fourth interest in the land under the laws of descent and distribution, the said Alfred Carothers having left but 2 heirs-at-law: His mother, Georgia Carothers, ·and his widow, Flossie Carothers.

As to the original conveyance granted to "Alfred Carothers and Delarma Hackett, or survivor, their heirs, executors and administrators," defendant claims that:

"Under such a conveyance each are presumed to have an equal one-half interest. Hackett by conveying all his undivided one-half interest showed what his interest was. Mrs. Rowerdink, plaintiff, by accepting his deed confirmed and established what her interest was. Carothers by recording and keeping both deeds during his lifetime assented to the Hackett conveyance of a one-half interest and accepted the plaintiff as his cotenant. For 10 years nothing was done to change the cotenancy into a survivorship arrangement."

Defendant further claims that if there was a joint tenancy, the deed of Delarma Hackett to plaintiff of September 30, 1938, during the lifetime of Alfred Carothers, destroyed the joint tenancy with the result that defendant inherited from her deceased husband Alfred Carothers an undivided fourth interest in the real estate described in the deed.

Plaintiff claims that the deed to the 2 grantees "or the survivor of them" created a tenancy for life in the named grantees and a remainder in fee to the survivor, and cites 4 Michigan cases in support of her theory.

In *Schulz* v. *Brohl,* 116 Mich 603, the grantees are "Peter Brohl and Christine Schulz * *. * to them and the survivor of them." We construed the deed, page 605, "to convey a moiety to each of these parties for life, with remainder to the survivor in fee."

In *Finch* v. *Haynes,* 144 Mich 352 (115 Am St Rep 447), we held (per syllabus):

"A deed which conveys land to 2 grantees, 'and the survivor of them, and to their heirs and assigns forever,' conveys a moiety to each for life, with remainder to the survivor in fee, and neither of them, by conveyance during his lifetime, can create a tenancy in common, so as to cut off the contingent remainder."

In *Jones* v. *Snyder,* 218 Mich 446, we held (per syllabus):

"Under a deed conveying land to 4 persons, 'as joint tenants, and to their heirs and assigns, and to the survivors or survivor of them, and to the heirs and assigns of the survivor of them, forever,' a joint tenancy for life in the grantees was created, with a contingent remainder in fee simple to the survivor, and, therefore, one of the grantees could not alienate his joint interest so as to cut off the contingent remainder."

In *Ames* v. *Cheyne,* 290 Mich 215, we held, page 218:

"Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship," citing *Schulz* v. *Brohl, supra,* and *Finch* v. *Haynes, supra.*

Defendant accentuates the background of authorities cited in the *Schulz Case* and authorities cited in the *Finch Case,* and argues that the rule in those 2 cases inadvertently and erroneously crept into Michigan jurisprudence from jurisdictions having dif-

ferent statutes and problems relative to estates and in effect requests us to overrule those 2 cases as an improvement in the rules of conveyancing.

There is no necessity for overruling the 4 cases cited, by which a law of real property as to the right of survivorship has been established. We expressly reaffirm the rule as laid down in the 4 cases cited, as to the right of survivorship.

Defendant cites *Taylor* v. *Taylor,* 310 Mich 541 (157 ALR 559), as affording a rule of construction in accordance with which defendant claims that the trial court in the instant case should have construed the deed under consideration, to have been intended to have a different effect than the trial court gave to the deed in the instant case. Defendant claims that the first deed made to plaintiff by Delarma Hackett was contemporaneous with the execution of the deed under consideration to Carothers and Hackett.

Defendant argues that Hackett's deed of "all his undivided one-half interest" dated September 30, 1938, the same day as the acknowledgment of the deed in question, indicates his then understanding (as of September 30, 1938) of the meaning and intent in the transaction by which he became one of the grantees under the deed sought to be construed in this case. We think the reasoning of defendant erroneous. The intent with which Delarma Hackett entered into the transaction, could be gathered from the receiver's petition filed for the purpose of giving Hackett and Carothers an opportunity to buy the property from the bank's receiver, presumably filed with the knowledge and consent of Hackett and of Carothers; at least, Hackett and Carothers availed themselves of the benefit obtained by the petition, *i.e.,* they bought the land from the receiver under the court's order made in pursuance to the petition and dated November 18, 1937.

The circumstances relied on by defendant are without effect in construing the deed in controversy.

Defendant argues that the word "or" in the deed in question requires a different construction than would be required if the word "and" had been used instead of "or." Indicating the incorrectness of defendant's contention are *In re Blodgett's Estate,* 197 Mich 455; *In re Peterson's Estate,* 239 Mich 452; *Forler* v. *Williams,* 242 Mich 639; *Block* v. *Schmidt,* 296 Mich 610; *Lilly* v. *Schmock,* 297 Mich 513.

After the death of Carothers, Hackett again conveyed to plaintiff, which later deed gave plaintiff title to the lands described in the deed in question.

We affirm the decree appealed from. Costs to plaintiff.

Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.

The late Chief Justice North did not sit.