BALLARD *v.* WILSON.

1. JOINT TENANCY—SURVIVORSHIP.
   Survivorship follows as a matter of course in any joint tenancy, since it is implicit in the concept.

2. SAME—INTENT—TERMINATION.
   A deed to 2 or more grantees and the survivor of them, his heirs and assigns, evidences an intent of the grantor to convey a moiety to each of the grantees for life with remainder to the survivor in fee and that neither grantee could convey the estate so as to cut off the remainder.

3. SAME—SURVIVORSHIP—TERMINATION—PARTITION.
   Neither party to a joint tenancy created by an instrument conveying title to 2 or more persons with an expressed right of survivorship may transfer the title to the premises and deprive the other of such right of survivorship, hence, neither may have partition.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Cotenancy § 6.
[2] 14 Am Jur, Cotenancy §§ 6, 11.
[3] 14 Am Jur, Cotenancy § 14.
[4] 14 Am Jur, Courts § 65.

4. Courts—Rule of Property.

> A proper judicial regard for certainty of titles and estates requires that a rule of property, announced by judicial decision, which has been relied on in the conveyance of land be not disturbed.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted June 9, 1961. (Docket No. 34, Calendar No. 49,012.) Decided September 23, 1961.

· Bill by Dimmis Ballard against Elizabeth J. Wilson and Nancy J. Hass for partition of lands held as joint tenants with right of survivorship. Decree for plaintiff. Defendants appeal. Reversed and remanded.

*Eli Friedman* (*Alan P. Goldstein*, of counsel), for plaintiff.

*Neale & Steeh*, for defendants.

Talbot Smith, J. In this case the bill of complaint prayed a partition of certain real property in the city of Detroit or, in the alternative, that the property be sold and the proceeds divided equitably among the parties in interest. The property in question, a 2-family flat, was purchased in 1953 by plaintiff, Dimmis Ballard (then Dimmis Stumpfig), her daughter, defendant Elizabeth J. Wilson, and her son-in-law, Alfred A. Wilson. The purchase price was $22,000 of which plaintiff contributed one-half. In the deed the 3 grantees were described as "joint tenants with right of survivorship, and not as tenants in common."

, After the purchase was consummated, plaintiff took up residence in the second floor apartment and defendant Wilson and her husband in the first floor apartment. Subsequently, Mrs. Stumpfig married James Ballard and Alfred Wilson died.

In 1958 Mrs. Ballard and Mrs. Wilson conveyed the property by quitclaim deed to one James H. Hahn, who in turn quitclaimed to "Dimmis Ballard, Elizabeth J. Wilson, and Nancy J. Hass [daughter of Alfred and Elizabeth Wilson], as joint tenants with right of survivorship, and not as tenants in common."

Unfortunately the parties found, in the words of the trial court, that "they could no longer live under the same roof." Plaintiff thereupon brought a bill praying that "a just and equitable division and partition of the above land and premises" be made, or, if partition were not feasible, that the land and premises be sold and the proceeds divided among the parties "according to their respective rights and interests therein." Upon motion, and upon the pleadings, the trial court ruled that plaintiff Ballard was entitled to partition[1] but, since actual partition was apparently not feasible, decreed that the property be sold at public auction.

It is the argument of appellants, based upon *Ames v. Cheyne,* 290 Mich 215, that partition may not be decreed upon these facts. In the *Ames Case,* the plaintiff brought a bill seeking partition of a parcel of real estate deeded to the plaintiff and defendant "as joint tenants and not tenants in common, and to the survivor thereof." In reversing the decree of the trial court granting partition, we held that when express words of survivorship are used in a conveyance creating a joint tenancy, neither party may deprive the other of his right of survivorship and hence that neither party is entitled to have partition of the property. Appellee concedes that the *Ames Case* "would appear to control the instant appeal", but urges that that decision "crept into Michigan law in error" and should be overruled.

---

[1] CL 1948, § 631.1 (Stat Ann § 27.2012). This section re-enacts section 1 of RS 1846, ch 109.

The issue here is the effect of the express words of survivorship in a deed running to A and B as joint tenants with right of survivorship and not as tenants in common. The underlying problem is that of the creation, and the destruction, of the estate known to the law as the joint tenancy. The early English decisions with respect thereto were influenced by considerations entirely alien to our society. Thus the favoring by the ancient common-law courts of joint tenancies was in part because in such tenancies, as distinguished from tenancies in common, the seizin was single, not divided, and there was a desire to lessen the feudal burdens of the tenants, only 1 service being due from all joint tenants.[2] Interwoven in the English law, also, was equity's hostility to the legal view ("a joint tenancy is an odious thing in equity"[3]) as well as the provision of the English wills act[4] to the effect that, unless a contrary intention appeared in the will, a devise without words of limitation would be sufficient to pass the fee. In short, the decisions in the English cases reflected influences unknown to our society and furnished our courts no clear guide.

It is clear, however, that joint tenancy, as a property device, was not favored in the United States. Thus, in this State, although we have not gone so far as certain others (where abolition has been accomplished[5]) the legislature has provided that "all grants and devises of lands, made to 2 or more persons, * * * shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy."[6] It has also

---

[2] *Shipley* v. *Shipley* (1927), 324 Ill 560 (155 NE 334), citing 1 Tiffany, Real Property (2d ed, 1920), § 191. See, also, 2 Tiffany, Real Property (3d ed, 1939), § 421.

[3] Cowper, Lord Chancellor, in *York* v. *Stone* (1710), 1 Salk 158 (91 Eng Rep 146), cited in 38 Mich L Rev 875 (1940).

[4] 1837, 7 Will IV & 1 Vict, c 26, p 88.

[5] 2 Tiffany, Real Property (3d ed, 1939), § 419.

[6] CL 1948, § 554.44 (Stat Ann 1957 Rev § 26.44).

provided that "all persons holding lands as joint tenants or tenants in common, may have partition thereof."[7]   Hence arises our problem: The 3 grantees before us hold the property as "joint tenants with right of survivorship, and not as tenants in common." Does such a deed create a mere joint tenancy, or something more? As a matter of original interpretation such language might be construed as doing no more than creating an ordinary joint tenancy, the words of survivorship being added merely out of an abundance of caution, to make doubly sure that by the recitation of this, the "grand incident of joint estates,"[8] there could be no doubt that the tenancy in common presumed by the statute was not intended to be created.

But this conclusion is far from inevitable. Survivorship would follow as a matter of course in any joint tenancy. It is implicit in the concept. Hence, it may be argued, *per contra,* that by the addition of express words of survivorship the grantor intended to create something more than a mere joint tenancy. Thus, it has been held repeatedly in a parallel situation, where a deed ran to "A and B, and the survivor of them, his heirs and assigns," that the intent of the grantor was to convey a moiety to A and B for life with remainder to the survivor in fee, and that neither grantee could convey the estate so as to cut off the remainder.[9]   Accordingly, and apparently upon parity of reasoning, we held in *Ames* v. *Cheyne, supra,* 218, that "where property stands in the name of joint tenants with

---

[7] CL 1948, § 631.1 (Stat Ann § 27.2012).

[8] 2 Blackstone, Commentaries, p 183.

[9] *Schulz* v. *Brohl,* 116 Mich 603.   See, also, *Finch* v. *Haynes,* 144 Mich 352 (115 Am St Rep 447); *Jones* v. *Snyder,* 218 Mich 446.   If, of course, such a conveyance were construed to create a mere joint tenancy, either grantee could defeat the survivorship element by conveying his interest to a third party, since the estate would then become a tenancy in common by operation of law.   2 Tiffany, Real Property (3d ed, 1939), § 425.

the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship" (citing the *Schulz* and *Finch Cases, supra,* note 9) and concluded that "plaintiff may not have partition."[10]

We are not persuaded by appellee's arguments either that the decision in *Ames* v. *Cheyne* was erroneous or that it should be overruled. Moreover, our prior decision, in Mr. Justice COOLEY's words, "has become a rule of property, so that titles have been acquired in reliance upon it, and vested rights will be disturbed by overruling it."[11] In the years since the *Ames* decision was handed down there is no question but that the rule of that case has become a rule of property in this State. Estates have been built, conveyances made, and wills drawn in reliance upon it.

Where a rule fixing the status of property has existed for many years, has been relied upon by the profession, and has been sustained by decision, a proper judicial regard for certainty of titles and estates would suggest that it not be disturbed. Under the rule of *Ames* v. *Cheyne* we hold that these parties intended to create and did create joint life estates followed by a contingent remainder in fee to the survivor, indestructible by the voluntary act of only one of the life tenants. Partition is denied.

Reversed and remanded for entry of decree. Costs to appellants.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

10 See, also, *Rowerdink* v. *Carothers,* 334 Mich 454.

11 Blackstone, Commentaries (3d ed Cooley, 1884), p 70, editor's note, citing *Emerson* v. *Atwater,* 7 Mich 12.