## MANNAUSA v. MANNAUSA.
### ON PARTIAL REHEARING.

1. JOINT TENANCY—RIGHT OF SURVIVORSHIP.

A grant to 2 or more persons as joint tenants with an expressed right of survivorship transfers a title that is indestructible by the voluntary act of only 1 of the life tenants.

2. COURTS—TITLES.

A proper judicial regard for the certainty of titles and estates suggests that a long-standing rule fixing the status of property be not disturbed, where it has been relied upon by the profession and sustained by decision.

3. JOINT TENANCY—SALE UNDER LAND CONTRACT—DEATH.

The surviving joint tenant of an estate held by joint tenants with right of survivorship is entitled to entire proceeds of the sale of the property by the other joint tenant, where such other joint tenant had died after receiving and keeping down payment and monthly payments made by the purchaser under the land contract.

4. SAME—CONSTRUCTIVE TRUST—LAND CONTRACT.

Constructive trust upon assets of estate of deceased joint tenant of real property which had been held by her and defendant with right of survivorship is ordered imposed for the amount

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Cotenancy § 14.
[2] 42 Am Jur, Property § 36.
[3] 14 Am Jur, Cotenancy §§ 8, 14.
[4, 5] 54 Am Jur, Trusts § 218.

received by the deceased joint tenant on land contract under which the property had been sold.

5. SAME—LAND CONTRACT—CONVEYANCE BY BENEFICIARY OF CONSTRUCTIVE TRUST.

Appellant, the surviving joint tenant in whose favor a constructive trust is imposed upon assets of estate of former joint tenant, is ordered to convey property to land contract purchaser to whom such former joint tenant had sold the property, upon receipt of funds for which constructive trust had been impressed.

Appeal from Wayne; Cash (Paul R.), J., presiding. Submitted on partial rehearing May 7, 1964. (Calendar No. 17, Docket No. 49,878.) Decided November 2, 1964.

See *Mannausa* v. *Mannausa*, 370 Mich 180. On partial rehearing granted plaintiff as to 1 parcel of property, cause remanded for entry of decree providing for constructive trust of certain funds in the estate of Florence Mannausa, deceased, with defendants directed to make conveyance to land contract purchaser upon receipt of trust funds.

*Wilson & Wilson,* for plaintiff.

*Gussin, Weinstein & Kroll,* for defendants.

ON PARTIAL REHEARING.

KAVANAGH, C. J. This case was previously before this Court and is reported in 370 Mich 180.

A petition for rehearing was granted in part (as to High street property), such rehearing involving the question of impressing a trust on the proceeds of the sale of said property from and after such sale in 1952.

The record discloses that in 1945 Florence Mannausa, a widow, and her bachelor son, William Man-

nausa, purchased the High street property and took title to it "as joint tenants with right of survivorship and not as tenants in common." At the time the son was living with the mother in her home.

Subsequently, the mother and son sold the High street property on land contract. The land contract vendee defaulted and the vendee's interest was transferred back to the sellers.

Thereafter, on October 3, 1952, the mother together with her sister, a complete stranger to the title, sold the property to one Gene Champion for $5,250. William Mannausa received nothing for his interest in the property. Florence Mannausa accepted the down payment and the payments on the contract and placed the moneys received from the sale in a Federal savings and loan association joint account with her sister. The land contract purchaser had at time of trial liquidated the entire balance due on the contract, except $512.93, which the purchaser is prepared to pay.

This Court finds that the mother sold the High street property at a time when she was but a joint tenant with right of survivorship and when she had no right so to do. See *Ames* v. *Cheyne,* 290 Mich 215, and cases therein cited.

The rule of *Ames* was thoroughly analyzed and reaffirmed by this Court in *Ballard* v. *Wilson,* 364 Mich 479, 483, 484:

"Hence arises our problem: The 3 grantees before us hold the property as 'joint tenants with right of survivorship, and not as tenants in common.' Does such a deed create a mere joint tenancy, or something more? * * *

"It has been held repeatedly in a parallel situation, where a deed ran to 'A and B, and the survivor of them, his heirs and assigns,' that the intent of the grantor was to convey a moiety to A and B for life with remainder to the survivor in fee, and that nei-

ther grantee could convey the estate so as to cut off the remainder. Accordingly, and apparently upon parity of reasoning, we held in *Ames* v. *Cheyne, supra,* 218, that 'where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship' (citing the *Schulz* and *Finch Cases* [*Schulz* v. *Brohl,* 116 Mich 603; *Finch* v. *Haynes,* 144 Mich 352 (115 Am St Rep 447)]    *    *    *) and concluded that 'plaintiff may not have partition.'

"We are not persuaded by appellee's arguments either that the decision in *Ames* v. *Cheyne* was erroneous or that it should be overruled. Moreover, our prior decision, in Mr. Justice COOLEY'S words, 'has become a rule of property, so that titles have been acquired in reliance upon it, and vested rights will be disturbed by overruling it.' In the years since the *Ames* decision was handed down there is no question but that the rule of that case has become a rule of property in this State. Estates have been built, conveyances made, and wills drawn in reliance upon it.

"Where a rule fixing the status of property has existed for many years, has been relied upon by the profession, and has been sustained by decision, a proper judicial regard for certainty of titles and estates would suggest that it is not to be disturbed. Under the rule of *Ames* v. *Cheyne* we hold that these parties intended to create and did create joint life estates followed by a contingent remainder in fee to the survivor, indestructible by the voluntary act of only one of the life tenants."

Plaintiff's decedent and her fiduciaries received from the sale of the High street property $5,350, including the $1,000 down payment and $50 per month from October 3, 1952, to the date of her death, January 7, 1960. The balance owing on the contract at the time of Florence Mannausa's death

was $1,162.93. Her surviving joint tenant was entitled to all the proceeds from the sale, or $6,512.93.

A constructive trust is placed upon the assets of the estate of Florence Mannausa to account for the $6,512.93. A decree shall be entered providing for such constructive trust and further providing that upon receipt of the trust funds William Mannausa and wife shall convey their interest in the High street property to the land contract purchaser, in accordance with William Mannausa's assent so to do upon favorable disposition of this rehearing.

Reversed and remanded to the trial court for entry of a decree in accordance with this opinion.

This is the only question involved on rehearing.

Defendants-appellants, having prevailed, shall have costs.

Dethmers, Kelly, Black, Souris, Smith, O'Hara, and Adams, JJ., concurred.