. FULLER v FULLER

Docket No. 63556. Submitted December 15, 1982, at Detroit.—Decided February 25, 1983.

Bernice Fuller filed a complaint in the Oakland Circuit Court seeking partition of a certain parcel of land. The defendant, Betty Jeanne Fuller, Bernice Fuller's daughter, answered the complaint, filed a counter-claim asking the court to find the defendant the sole owner of the property and demanded an accounting from her mother. The property had been deeded to the parties "jointly with rights of survivorship specifically granted and not as tenants in common". Defendant moved for a summary judgment. The trial court, Gene Schnelz, J., issued an order granting summary judgment in defendant's favor on the ground that Bernice Fuller's complaint failed to state a claim upon which relief could be granted. An amended order making the summary judgment order a final judgment was subsequently issued. Bernice Fuller appealed. However, following the filing of her claim of appeal, she died. Plaintiff, Richard L. Fuller, independent personal representative of the estate of Bernice Fuller, deceased, continued her appeal. *Held:*

1. Bernice Fuller's unfortunate death after the filing of the claim of appeal does not abate the action in the Court of Appeals.

2. Generally, all land held jointly is subject to partition, however, under specified circumstances neither party to a joint tenancy may deprive the other of his right to survivorship and, hence, under such circumstances, a partition may not be granted.

3. Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 288.
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership § 20.
What acts by one or more of joint tenants will sever or terminate the tenancy. 64 ALR2d 918.
[3] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 11, 13, 20.

to the premises and deprive the other of such right of survivorship. Therefore, plaintiff may not have partition in this case.

Affirmed.

1. ABATEMENT AND REVIVAL — DEATH OF PLAINTIFF.

A plaintiff's action is not abated where the plaintiff dies after the filing of the claim of appeal in the action (MCL 600.2921; MSA 27A.2921).

2. JOINT TENANTS — PARTITION.

All land held jointly is generally subject to partition (MCL 600.3304; MSA 27A.3304).

3. JOINT TENANTS — RIGHT OF SURVIVORSHIP — PARTITION.

A joint tenant may not transfer the title to property and deprive the other joint tenant of the right to survivorship where the property stands in the name of the joint tenants with the right of survivorship; therefore, a joint tenant's petition for partition should not be granted where the land was conveyed to the parties in the partition action "jointly with rights of survivorship specifically granted and not as tenants in common".

*Booth, Patterson, Lee, Karlstrom & Steckling* (by *J. Timothy Patterson),* for plaintiff.

*Paul M. Mandel,* for defendant on appeal.

Before: CYNAR, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

PER CURIAM. Plaintiff appeals as a matter of right from a summary judgment granted under GCR 1963, 117.2(1).

On March 11, 1980, Bernice Fuller filed a complaint for partition of a certain parcel of land located in Independence Township, Oakland County, Michigan. The defendant, Betty Jeanne Fuller, Bernice Fuller's daughter, answered the complaint and, on May 22, 1980, filed a counterclaim asking the court to find the defendant the sole owner of the property and demanding an accounting from her mother. Thereafter, defen-

dant moved for a summary judgment. On February 23, 1982, the circuit court issued an order granting summary judgment in defendant's favor as to Bernice Fuller's complaint, under GCR 1963, 117.2(1). In accordance with a stipulation between the parties, an amended order making the summary judgment order a final judgment was issued on March 22, 1982. On May 18, 1982, following the filing of the claim of appeal herein, Bernice Fuller died.

On May 15, 1953, Harry and Virginia Chamberlain quitclaimed their interest in the property in question to Betty Jeanne Fuller and Jacqueline Marie Keyes. The Chamberlains' interest in the property was that of land contract vendees. At the time that the quitclaim deed was executed, the Chamberlains also assigned their purchasers' interest in the land contract to Betty Jeanne Fuller and Jacqueline Marie Keyes. On August 30, 1954, Jacqueline Marie Keyes quitclaimed her interest in the property to Betty Jeanne Fuller. Thereafter, on August 5, 1955, Herbert A. and Nina R. Bowman, the land contract vendors, executed an assignment of their sellers' interest in the land contract to Betty Jeanne Fuller, Frank F. Fuller and Bernice M. Fuller. On March 6, 1965, the Bowmans executed a seller's assignment of land contract to Betty Jeanne Fuller, Frank F. Fuller and Bernice M. Fuller. Frank F. Fuller died on April 7, 1966. The Bowmans, on October 25, 1967, executed a warranty deed conveying the property to Bernice Fuller, Betty Jeanne Fuller and Richard L. Fuller "jointly with rights of survivorship specifically granted and not as tenants in common". Richard L. Fuller quitclaimed his interest in the property to Bernice Fuller and Betty Jeanne Fuller on December 3, 1979.

It appears that approximately 15 years prior to the filing of this action, defendant moved from this state to Florida. During the years which followed, the premises for the most part were maintained and cared for by Bernice Fuller. Bernice Fuller also either resided in or rented the premises during this period. Whether defendant contributed money for the care and maintenance of the property is the subject of some controversy.

It is argued on appeal that Bernice Fuller's petition for partition should have been granted, in spite of the fact that the land was deeded to the parties "jointly with rights of survivorship specifically granted and not as tenants in common". Plaintiff representative opines that the additional langauge, "with rights of survivorship specifically granted", adds nothing to the word "jointly". It is asserted that the parties were merely joint tenants and that, as so granted, partition is available.

While defendant does not contest this fact, it should first be noted that Bernice Fuller's unfortunate death after the filing of the claim of appeal does not abate the action herein. See MCL 600.2921; MSA 27A.2921.

The substantive issue presented herein centers around the propriety of the trial court's order granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(1).

" 'A motion based solely on subsection 1, challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. * * * Our job as a reviewing court is to accept as true the well-pleaded facts in plaintiff's complaint, against each defendant, * * * and to determine whether these claims are so "clearly unenforceable as a matter of law that no factual development can possible [sic] justify a right to recovery." (Citations omitted.)' " *Tumbarella v*

*Kroger Co,* 85 Mich App 482, 489; 271 NW2d 284 (1978), *lv den* 406 Mich 939 (1979), quoting *Borman's, Inc v Lake State Development Co,* 60 Mich App 175, 179; 230 NW2d 363 (1975).

Generally, all land held jointly is subject to partition. MCL 600.3304; MSA 27A.3304. See *Henkel v Henkel,* 282 Mich 473; 276 NW 522 (1937); *Beaton v LaFord,* 79 Mich App 373; 261 NW2d 327 (1977). The Supreme Court, however, in *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939), slightly altered this principle, holding that under specified circumstances neither party to a joint tenancy may deprive the other of his right to survivorship and that, hence, a partition may not be granted. Therein, the land was conveyed to the parties "as joint tenants and not tenants in common, *and to the survivor thereof,* parties of the second part". (Emphasis in original.) *Ames, supra,* p 218. With respect to this conveyance, the Court stated:

"Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship. *Schulz v Brohl,* 116 Mich 603; 74 NW 1012 (1898); *Finch v Haynes,* 144 Mich 352; 107 NW 910; 115 Am St Rep 447 (1906)." *Ames, supra,* p 218.

See *Jones v Snyder,* 218 Mich 446; 188 NW 505 (1922). This rule of property law has been reaffirmed by the Michigan Supreme Court on at least three other occasions. See *Mannausa v Mannausa,* 374 Mich 6; 130 NW2d 900 (1964) ("as joint tenants with right of survivorship and not as tenants in common"); *Ballard v Wilson,* 364 Mich 479; 110 NW2d 751 (1961) ("as joint tenants with right of survivorship, and not as tenants in common");

*Rowerdink v Carothers,* 334 Mich 454; 54 NW2d 715 (1952) (to the parties "or the survivor of them"). See, also, *Beaton, supra,* pp 375-376; *Anderson v Richter,* 54 Mich App 532, 534-537; 221 NW2d 251 (1974).

Plaintiff would have this Court circumvent the holding of *Ames* by distinguishing the facts which gave rise to the conveyance therein from the facts which gave rise to the conveyance herein. First, the facts herein closely parallel the facts present in *Ames.* Second, plaintiff's assertion totally disregards the lack of emphasis placed on the facts by the *Ames* Court. The *Ames* Court clearly stressed the words of conveyance as dispositive of the issue. See *Ames, supra,* p 218. Moreover, the *Ames* rule has been applied in varying factual situations. See *Mannausa, supra; Ballard, supra.* The Supreme Court in *Mannausa, supra,* pp 8-9, quoting *Ballard, supra,* pp 483-484, aptly summed up the pervasiveness of the *Ames* rule as follows:

" 'Hence arises our problem: The 3 grantees before us hold the property as "joint tenants with right of survivorship, and not as tenants in common." Does such a deed create a mere joint tenancy, or something more? * * *

" 'It has been held repeatedly in a parallel situation, where a deed ran to "A and B, and the survivor of them, his heirs and assigns," that the intent of the grantor was to convey a moiety to A and B for life with remainder to the survivor in fee, and that neither grantee could convey the estate so as to cut off the remainder. Accordingly, and apparently upon parity of reasoning, we held in *Ames v Cheyne, supra,* 218, that "where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship" (citing the *Schulz* and *Finch* Cases *[Schulz v Brohl,* 116 Mich 603; 74 NW 1012 (1898); *Finch v Haynes,* 144 Mich 352; 107 NW 910; 115

Am St Rep 447 (1906)] * * *) and concluded that "plaintiff may not have partition."

" 'We are not persuaded by appellee's arguments either that the decision in *Ames v Cheyne* was erroneous or that it should be overruled. Moreover, our prior decision, in Mr. Justice COOLEY's words, "has become a rule of property, so that titles have been acquired in reliance upon it, and vested rights will be disturbed by overruling it." In the years since the *Ames* decision was handed down there is no question but that the rule of that case has become a rule of property in this State. Estates have been built, conveyances made, and wills drawn in reliance upon it.

" 'Where a rule fixing the status of property has existed for many years, has been relied upon by the profession, and has been sustained by decision, a proper judicial regard for certainty of titles and estates would suggest that it is not to be disturbed. Under the rule of *Ames v Cheyne* we hold that these parties intended to create and did create joint life estates followed by a contingent remainder in fee to the survivor, indestructible by the voluntary act of only one of the life tenants.' "

The plaintiff also urges this Court to disregard the all-encompassing aspect of the *Ames* rule because of its archaic nature. To support this contention, plaintiff cites the committee comment accompanying MCL 600.3304; MSA 27A.3304, wherein the committee states:

"The general rule that there is a right in a co-tenant to have the premises partitioned is not universally applicable. A co-tenant may do things which will limit this right. He may contract away his right to partition, *Avery v Payne,* 12 Mich 540 (1864); *Eberts v Fisher,* 54 Mich 294; 20 NW 80 (1884). The court probably went to the extreme limit of finding a contract against partition in the case of *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939), when it found that the parties by taking the land as joint tenants *with a right of survivorship* were

contracting that they would not partition the premises. It seems quite likely that given a proper case reasonably argued the court would today find that property taken by persons as joint tenants with a right of survivorship was subject to partition since the statement 'with right of survivorship' would reasonably be considered merely a statement of an incident of joint tenancy rather than a contract." (Emphasis in original.)

This argument, however, is severely discounted by the fact that after the enactment of MCL 600.3304; MSA 27A.3304, which is substantially the same as its precursor, 1948 CL 631.1, the Supreme Court reaffirmed the holding in *Ames.* See *Mannausa, supra.* In any event, it is not this Court's place to narrow the interpretation of a rule that the Supreme Court has clearly indicated should be applied in a case such as this.

Because the land was conveyed to the parties herein "jointly with rights of survivorship specifically granted and not as tenants in common", which is nearly identical to the language present in *Ames, Ames* is controlling. The denial of Bernice Fuller's petition for partition is upheld.

Affirmed.