## JONES v GREEN

Docket No. 62770. Submitted February 7, 1983, at Lansing.—Decided June 7, 1983.

Dorothy J. Jones and James A. Green purchased a residence in 1978. The deed stated that Jones and Green were joint tenants with full rights of survivorship and not tenants in common. In 1981, Jones filed suit against Green in Genesee Circuit Court seeking, *inter alia,* a partition of the property she and Green had purchased. Defendant moved for partial summary judgment on the ground that property conveyed to unmarried individuals as joint tenants with full right of survivorship and not as tenants in common cannot be partitioned under Michigan law. The court, Ollie B. Bivins, Jr., J., denied the motion. Defendant appeals by leave granted. *Held:*

The trial court erred by denying defendant's motion for partial summary judgment. Where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship. The real estate held by plaintiff and defendant cannot be partitioned.

Reversed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

A motion for summary judgment based on the failure to state a claim upon which relief can be granted is to be considered by an examination of the pleadings alone; both the trial and reviewing courts must accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom; such a motion for summary judgment must be granted where the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 61A Am Jur 2d, Pleading §§ 71 *et seq.,* 230 *et seq.*
[2] 20 Am Jur 2d, Cotenancy and Joint Ownership §§ 3, 11, 20.
Contractual provisions as affecting right to judicial partition. 37 ALR3d 962.

2. JOINT TENANTS — SURVIVORSHIP — PARTITION.

> Neither party to a joint tenancy created by an instrument conveying title to two or more persons with an expressed right of survivorship may transfer the title to the premises and deprive the other of such right of survivorship, hence, neither may have partition.

*O'Rourke, Goldstein, Joseph & Kelly, P.C.* (by *John R. Darin, II),* for plaintiff.

*Morton Leitson, P.C.* (by *Tom R. Pabst),* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

PER CURIAM. Defendant appeals by leave granted from a trial court order denying his motion for partial summary judgment.

Plaintiff and defendant purchased a residence on January 20, 1978. The deed conveying the residence stated in pertinent part that the seller "conveys and warrants to James A. Green and Dorothy J. Jones, as joint tenants with full rights of survivorship and not as tenants in common * * *". On August 4, 1981, plaintiff commenced the present action seeking, *inter alia,* to partition the property which she and defendant had purchased. On December 3, 1981, defendant moved for summary judgment under GCR 1963, 117.2(1), arguing that property conveyed to unmarried individuals as joint tenants with full right of survivorship and not as tenants in common cannot be partitioned under Michigan law. The trial court rejected defendant's arguments. Defendant now contends the trial court committed reversible error

---

* Circuit judge, sitting on the Court of Appeals by assignment.

in denying his motion for partial summary judgment.

A motion for summary judgment pursuant to GCR 1963, 117.2(1) challenges the legal sufficiency of a plaintiff's claim and is to be considered by an examination of the pleadings alone. *Spectrum Mfg Corp v Bank of Lansing,* 118 Mich App 25, 30; 324 NW2d 523 (1982). Both trial and reviewing courts must accept as true every well-pled allegation and any inference which may be fairly and reasonably drawn therefrom. *Spectrum, supra,* p 30. The motion must be granted when a plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify the right to recovery. *Spectrum, supra,* p 30; *Romeo v Van Otterloo,* 117 Mich App 333, 337; 323 NW2d 693 (1982).

All land held jointly is generally subject to partition. MCL 600.3304; MSA 27A.3304. *Henkel v Henkel,* 282 Mich 473; 276 NW 522 (1937); *Fuller v Fuller,* 123 Mich App 592; 332 NW2d 623 (1983). In *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939), however, the Supreme Court altered this principle, holding that where land is conveyed to parties as "joint tenants and not tenants in common, *and to the survivor thereof,* parties of the second part", a party to the joint tenancy may not deprive any other party of his right to survivorship and, accordingly, partition may not be granted. In *Ballard v Wilson,* 364 Mich 479, 481-484; 110 NW2d 751 (1961), the Supreme Court reaffirmed *Ames,* stating:

"It is clear, however, that joint tenancy, as a property device, was not favored in the United States. Thus, in this State, although we have not gone so far as certain others (where the abolition has been accomplished) the legislature has provided that 'all grants and devises of

lands, made to 2 or more persons, * * * shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy.' It has also provided that 'all persons holding lands as joint tenants or tenants in common, may have partition thereof.' Hence arises our problem: The 3 grantees before us hold the property as 'joint tenants with right of survivorship, and not as tenants in common.' Does such a deed create a mere joint tenancy, or something more? As a matter of original interpretation such language might be construed as doing no more than creating an ordinary joint tenancy, the words of survivorship being added merely out of an abundance of caution, to make doubly sure that by the recitation of this, the 'grand incident of joint estates,' there could be no doubt that the tenancy in common presumed by the statute was not intended to be created.

"But this conclusion is far from inevitable. Survivorship would follow as a matter of course in any joint tenancy. It is implicit in the concept. Hence, it may be argued *per contra,* that by the addition of express words of survivorship the grantor intended to create something more than a mere joint tenancy. Thus, it has been held repeatedly in a parallel situation,· where a deed ran to 'A and B, and the survivor of them, his heirs and assigns,' that the intent of the grantor was to convey a moiety to A and B for life with remainder to the survivor in fee, and that neither grantee could convey the estate so as to cut off the remainder. Accordingly, and apparently upon parity of reasoning, we held in *Ames v Cheyne, supra,* 218, that 'where property stands in the name of joint tenants with the right of survivorship, neither party may transfer the title to the premises and deprive the other of such right of survivorship' (citing the *Schulz [v Brohl,* 116 Mich 603; 74 NW 1012 (1898)] and *Finch [v Haynes,* 144 Mich 352; 107 NW 910 (1906)] Cases, *supra,* note 9) and concluded that 'plaintiff may not have partition.'

"Under the rule of *Ames v Cheyne* we hold that these parties intended to create and did create joint life estates followed by a contingent remainder in fee to the survivor, indestructible by the voluntary act of only one

of the life tenants. Partition is denied." (Footnotes omitted.) 364 Mich 482-484.

See also *Mannausa v Mannausa,* 374 Mich 6; 130 NW2d 900 (1964); *Rowerdink v Carothers,* 334 Mich 454, 458-459; 54 NW2d 715 (1952); *Beaton v LaFord,* 79 Mich App 373, 376; 261 NW2d 327 (1977); *Anderson v Richter,* 54 Mich App 532, 534-537; 221 NW2d 251 (1974).

Plaintiff argues that the decisions in *Ames v Cheyne* and *Ballard v Wilson* do not apply here because those cases were decided before the enactment of MCL 600.3304; MSA 27A.3304. In support of this position, plaintiff relies on the following portion of the committee comment to the statute:

"The general rule that there is a right in a co-tenant to have the premises partitioned is not universally applicable. A co-tenant may do things which will limit this right. He may contract away his right to partition. *Avery v Payne,* 12 Mich 540 (1864), *Eberts v Fisher,* 54 Mich 294; 20 NW 80 (1884). The court probably went to the extreme limit of finding a contract against partition in the case of *Ames v Cheyne,* 290 Mich 215; 287 NW 439 (1939), when it found that the parties by taking the land as joint tenants *with a right of survivorship* were contracting that they would not partition the premises. It seems quite likely that given a proper case reasonably argued the court would today find that property taken by persons as joint tenants with a right of survivorship was subject to partition since the statement 'with right of survivorship' would reasonably be considered merely a statement of an incident of joint tenancy rather than a contract." (Emphasis in original.)

Plaintiff's argument lacks merit. MCL 600.3304; MSA 27A.3304 is substantially the same as its predecessor, MCL 631.1; MSA 27.2012, which provided that "[a]ll persons holding lands as joint tenants or tenants in common, may have partition

thereof * * *". Furthermore, following the enactment of MCL 600.3304; MSA 27A.3304, the Supreme Court and this Court have reaffirmed the holding in *Ames. Mannausa v Mannausa, supra; Fuller v Fuller, supra.* We find that *Ames v Cheyne* is controlling. *Fuller v Fuller, supra.* Therefore, the real estate held by plaintiff and defendant cannot be partitioned. Accordingly, the trial court erred by denying defendant's motion for partial summary judgment.

Reversed.