SNOVER v SNOVER

Docket No. 140389. Submitted April 1, 1993, at Grand Rapids. Decided May 17, 1993, at 9:15 A.M.

William and Nancy Snover, son and daughter-in-law of Mayland Snover, initiated eviction proceedings in the 88th District Court against Gladys Snover, widow of Mayland Snover, seeking to recover possession of certain premises. In 1977, Mayland, while unmarried, had deeded the property to himself, William Snover, and Nancy Snover as joint tenants with full rights of survivorship. In 1988, Mayland had executed a quitclaim deed in favor of himself and Gladys Snover, husband and wife. The defendant removed the action to the Alpena Circuit Court, where she sought to quiet title to the property. The court, Robert R. Ferguson, J., denied the plaintiffs' motion for summary disposition and entered a judgment that named the defendant as owner of a half interest in the property and the plaintiffs as owners of the other half as tenants in common. The plaintiffs appealed by leave granted.

The Court of Appeals *held:*

The 1977 deed created an indestructible joint tenancy among the named grantees, each of whose interest consisted of a life estate with a contingent remainder. Mayland's 1988 conveyance could not operate to convey more than his interest or in any way diminish the contingent remainder interest of the joint tenants.

Reversed and remanded for entry of summary disposition for the plaintiffs.

JOINT TENANTS — RIGHTS OF SURVIVORSHIP — LIFE ESTATES.

A deed providing that those to whom the land is conveyed shall hold as joint tenants with rights of survivorship creates an indestructible joint tenancy among all the grantees, whose interest in the property thereafter is limited to a personal life estate with a contingent remainder; a subsequent conveyance by any of the grantees does not operate to convey more than

REFERENCES
Am Jur 2d, Cotenancy and Joint Ownership §§ 7, 9, 10, 15, 16.
See ALR Index under Cotenancy and Joint Ownership.

that interest or in any way diminish the contingent remainder of the named joint tenants.

*Ronald J. Brewer,* for the plaintiffs.

*Carl C. Silver,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and WEAVER and D. E. SHELTON,* JJ.

D. E. SHELTON, J., On December 29, 1977, Mayland B. Snover executed a quitclaim deed to property in Alpena County to "Mayland B. Snover, a single man, . . . and William B. Snover and Nancy Snover, husband and wife, . . . parties of the second part, as joint tenants with full rights of survivorship and not as tenants in common." William and Nancy (hereafter referred to as plaintiffs) were Mayland's son and daughter-in-law. Some years later, Mayland married Gladys L. Snover (hereafter referred to as defendant). On June 30, 1988, Mayland signed a quitclaim deed, conveying the premises to "Mayland B. Snover and Gladys L. Snover, husband and wife." On September 3, 1988, Mayland died, survived by plaintiffs and defendant.

Plaintiffs originally brought this action in district court, seeking to evict defendant from the premises. Defendant removed the action to circuit court and counterclaimed with a quiet-title action. Plaintiffs moved for summary disposition, contending that by his first deed, Mayland created an indestructible joint tenancy and that, upon his death, plaintiffs acquired fee simple absolute title to the property. Defendant contended that the first deed created only a tenancy in common, with Mayland holding an undivided one-half interest and plaintiffs holding the other one-half interest.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant further contended that the second deed therefore created a tenancy by the entireties in Mayland B. Snover and defendant in the first undivided one-half interest.

The trial court denied plaintiffs' motion for summary disposition and held that the first deed created a "simple joint tenancy"; that Mayland, in conveying an interest to defendant, destroyed the survivorship interest created in the simple joint tenancy; and that when Mayland Snover died, defendant then held a one-half interest, with plaintiffs holding the other one-half interest as tenants in common. On November 8, 1989, a judgment quieting title was entered pursuant to the trial court's opinion. Plaintiffs' application for leave to appeal was granted by this Court. We reverse.

The language in the original deed in this case has been consistently held to create an indestructible joint tenancy among all the named grantees, whose interest in the property thereafter is limited to a personal life estate with a contingent remainder. A conveyance by any of the grantees does not operate to convey more than that interest or in any way diminish the contingent remainder of the named joint tenants. *Albro v Allen,* 434 Mich 271; 454 NW2d 85 (1990); *Rowerdink v Carothers,* 334 Mich 454; 54 NW2d 715 (1952); *Fuller v Fuller,* 123 Mich App 592; 332 NW2d 623 (1983). Such a construction has been relied upon for years and is incorporated into the Michigan Land Title Standards. See Michigan Land Title Standards (5th ed), Standard 6.4. Defendant's contention that such a construction should be altered when two of the grantees are married has no basis in our case law. Neither *Jones v Snyder,* 218 Mich 446; 188 NW 505 (1922), nor *Butler v Butler,* 122 Mich App 361; 332 NW2d 488 (1983), suggests a different result as

defendant would have us believe. Indeed, such a construction, however reasonable under certain family circumstances, would create chaos among property rights that the courts must avoid. *Fuller, supra.*

The trial court's judgment quieting title in defendant is reversed, and the case is remanded to the trial court for entry of an order granting summary disposition to plaintiffs.